1
2

**UNITED STATES DISTRICT COURT,**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Blanche Brown, <br> PLAINTIFF <br><br> V <br><br> Police Chief Joseph Friel <br> In his Individual and Official Capacity <br><br> Grover Koon, Valley Twp Magisterial Judge in his Individual and <br> Official Capacity <br><br> Valley Township Manager/ Administrator in his Official Capacity <br> Valley Township Police Department <br> Valley Township AND Governing Board/Supervisors <br><br> DEFENDANTS | COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL and CONSTITUTIONAL RIGHTS (42 USC Section 1983 and other mechanisms for relief) <br><br> JURY TRIAL DEMANDED |

3                                   **I. COMPLAINT**

4          1.   Comes Plaintiff, Blanche Brown and for cause of action would state as follows:

5    This action arises from the nearly unfathomable betrayal of public trust, nightmarish miscarriage of

6    justice, the deliberate indifference, protracted fraud, gang-stalking, obstruction, endangerment,

7    discrimination & ethic profiling, mobbing, harassment and retaliatory criminalization campaign (and

8    subsequent cover-up) carried out by Chief of Police of Valley Township (with the assistance and

9    covered up by Magisterial Township Judge G. Koon) against Plaintiff, Blanche Brown for Ms Brown's

10   protected right to stand up to, criticize and file a Protection from Abuse action against her

11   harasser/abuser ( a long-term problem and violent VA employee) who has been stalking her for 2

12   years with Defendant, Police Chief Friel's full knowledge, endorsement and encouragement.

13                                   **II. PRELIMINARY STATEMENT**

14          2.   Plaintiff has always had a great deal of respect and admiration for Police and

15   Firefighters—but especially Police. She has historically provided support to Fraternal Orders of

16   Police, Chiefs of Police Organizations, and Fire Fighters organizations. For decades Ms Brown even

17   proudly placed their decals on her car to show her respect and support—even when it was unpopular.

18   Moreover, Ms Brown determined long ago, that Police are SPECIAL KINDS OF INDIVIDUALS who

19   deserve the public's support.     Ms Brown has always both appreciated and admired the bravery of

20   police and other uniformed public servants and first responders because like Soldiers and Marines,

21   they willingly place themselves in harm's way to protect others—except that police do it EVERY day

22   and they're essentially on-duty at all times.

23

3.  Plaintiff is **not** painting all police departments or all police chiefs with a broad brush based on the egregious conduct of Valley Township Police Department and Police Chief Friel.  Plaintiff does not believe that Defendants' unlawful and unethical conduct represents all police officers.

4. The above not withstanding . . . Plaintiff does however believe that individual rogue law enforcement officers and other public servants who discredit the uniform and the profession—those who betray the public trust—those who depart from their official duties, abuse the laws and breach their sworn oath to serve and to protect--for the purpose of harassing and harming others--- **should be held accountable and be re-trained and should be expected to correct their misconduct--- and make amends**.

### III.  JURSIDICTION AND VENUE

5.  Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.U.S.C. § 1331 (federal question); 28 U.S.C. §§ 1332, 1334.

6.  The acts and omissions giving rise to Plaintiffs claims occurred in Chester County, Pennsylvania and therefore the appropriate venue for this action is the United States District Court for the Eastern District of Pennsylvania located in Philadelphia, PA

### IV.  INTRODUCTION

7.  It is an accepted doctrine that public safety and law enforcement officers owe a duty to the public at large but not to particular individuals unless "***special circumstances" involve* awareness that a specific risk to persons or property exists.**  That risk arose when Chief Friel decided to instigate  and mollycoddle his old friend, JAMES --Ms Brown's STALKER (her estranged half brother whom she barely knew and with whom she began interacting only within the previous 7 or so years— after moving back to PA when she was well into her 40's).  (***SEE EXHIBITS 1-5: explaining Chief Friel's over-protection of a STALKER'S criminal conduct and hostility towards Ms Brown).***

8.  Defendants took an oath of office as public employees and public servants entrusted with the publics safety—they don't have the "discretion" to take a break or suspend that oath at their own convenience or while they entertain themselves by aligning themselves with a known violent predator who has a known long history of violence against women, children and disabled veterans.

9.  Ms Brown is a traumatized cardiac patient who has been in and out of heart failure and has been struggling to recover from unexpected open-heart and open-chest surgery--with the

1    attendant stress & anxiety --along with the physical limitations and vulnerabilities.

2        10.   Ignoring and dismissing an ABUSE VICTIM'S calls for help is one thing.  Blaming the

3    abuse victim for her HARASSER'S VIOLENCE is another thing.  **BUT TURNING ON THE VICTIM—**

4    **PUNISHING AND PROSECUTING the victim and PLACING HER LIFE IN DANGER fo**r: (1) asking

5    for Police help and protection; (2) for Criticizing her abuser's violent behavior and (3) for Seeking

6    justice and court protection--- is an altogether different dangerous animal.  It's not only outrageously

7    unconscionable, but it's also un-American.  Chief Friel gained Plaintiff's trust only to betray and place

8    her in danger by consistently "reporting back" to and tipping off and ASSISTING her STALKER

9        11.   Despite soaring rhetoric and a stated mission to **"Serve and Protect",** Valley Township

10   Police Chief SELECTIVELY and UNEQUALY "serves and protects".  Defendants misuse the law as a

11   weapon and tool to unlawfully punish those whom they dislike or simply because they feel like bullying

12   vulnerable or marginalized populations.  Defendants also selectively enforce laws as well as

13   intentionally misconstrue and misapply criminal laws—for the wrong reasons.  Valley Township Police

14   Chief Joseph Friel makes up his own rules—even when HE KNOWS they conflict with welll-

15   established statutes. His abuse of authority, abuse of process and other misconduct represent an

16   apparently understood, but unwritten policy of railroading low-income minorities, women and military

17   veterans—especially those who reside OUTSIDE of Valley Township.  It seems the railroading is

18   common practice to generate revenue from fines and to dissuade victims from asking for police help.

19       12.   The Chief of Police of Valley Twp seems to have waged war not only against poor

20   people, women and minorities, but also seems to especially despise and single out military veterans

21   (particularly disabled veterans) for harassment and endangerment—viewing us all through the same

22   biased and negative lens, while painting us all with a singular broad prejudicial and abusive brush.

23       13.   Chief Friel invited Ms Brown to face-to-face meetings--claimed to be "*neutral*", but

24   continued to "report back" to Ms Brown's STALKER, disclosing her confidential correspondences—

25   thus tipping her STALER off and placing Ms Brown at increased risk of bodily harm—to include lethal

26   gunshot wound—as her stalker's means of shutting Ms Brown Down and keeping her out of court.

27       14.   The Township Magisterial District Judge, Grover Koon further escalated the danger by (1)

28   adjudicating what he knew, from the documents, was a malicious prosecution and that Plaintiff's

29   STALKER was the actual criminal(2) Not allowing Ms Brown to mount a defense or question her

1   accuser or any witnesses (3) sentencing Ms Brown (the  actual victim) without a hearing on a criminal

2   charge for engaging in protected and non-criminal activity.

3        15.   This action arises (1) Under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to

4   the United States Constitution; (2) Under federal law--specifically, 42 U.S.C. §§1983, 1981, 1985 and

5   1988;  (3) Under The Civil Rights Act of 1964; (4) under the Pennsylvania Constitution and

6   Governmental tort liability statutes; (5) Privacy Act and (6) under Pennsylvania Common law for: •

7   intentional and Negligent infliction of emotional distress, • State-Created Danger, • Malicious

8   Prosecution, • Abuse of Process & Authority, • Discrimination • Retaliation, • Civil Harassment,

9   *Negligence, • Negligent Supervision, • Gross negligence, • Privacy Violations, • False Arrest Warrant,

10   • Entrapment, • Civil Conspiracy; • Obstruction, • False Allegations and • RTK/FOIA violations.

11        Defendants' individual and collective deliberate indifference to Plaintiff's substantive rights, her

12   fragile health and her safety created a **state-sponsored danger** of not only stress-induced acute

13   coronary event or stroke, but also places her at high risk of death from gunshot wound by her

14   STALKER (Chief Friel's proxy), To this day this State Sponsored stalking and state-created danger

15   has gone unabated—holding Plaintiff hostage and making her a prisoner in her own home, while

16   creating extreme stress and mental duress. And her STALKER has taken to terrorizing people in his

17   own neighborhood because he knows that CHIEF FRIEL HAS HIS BACK.

18                 **V.  BACKGROUND INFORMATION**

19   **Departure from Official Duties**

20        16.   Defendants, Valley Township Police Chief, Friel and Township Magisterial Judge Koon

21   departed from their official duties and the law when they violated Plaintiff's substantive rights,

22   railroaded her and placed her life in danger and at the mercy of her STALKER.

23        17.   They all sympathize with and told a **known** violent and mentally ill Sociopath and problem

24   VA employee that HE IS THE VICTIM and that *his* battery and assault victims (primarily women,

25   children and disabled veterans—and occasionally, a man who is much smaller than himself) are the

26   actual CRIMINALS and are HIS abusers.

27        18.   In a May, 2014 face-to-face meeting with Plaintiff, Police Chief Friel submitted that he

28   agrees with Ms Brown's STALKER'S statement that, "*These Women Bring Out the Violence In Me*"

29   and therefore are to blame for all of his problems and deserve any level of violence and punishment

1    that he levels against them—including developing an elaborate plan to murder his victim.  Defendant's
2    have placed Ms Brown squarely in her STALKER'S cross hairs--a far more dangerous situation than
3    she was in before she asked them for their help in defusing what was a very dangerous situation by a
4    known career batterer and STALKER.

5           19.   Defendants attempted to protect Ms Brown's STALKER (Chief Friel's proxy) and cover up
6    their misconduct by criminalizing Ms Brown, impugning her credibility and portraying her as radical
7    and mentally unstable (exploiting negative stereotypes about minorities, women and especially
8    veterans).  For the record, Ms Brown is NOT a combat veteran and there is NO evidence of abnormal
9    psychological functioning.

10          20.   Defendant Valley Township Police Chief Joseph Friel,'s conduct is less like that of the
11   leader of a 21st Century suburban Police Department and more like that of a pre-civil rights back-
12   woods vigilante klan of the American deep south or a Taliban-controlled village in Afghanistan—where
13   women have no rights and no voice.  Defendants' actions can be likened to that of someone who is
14   betting on a dog fight—and wagered against the small and sickly dog that was placed in the pit
15   against her will, while at the same time he does every thing in his power to "fix the game" and increase
16   the winning odds for the "favored", on which he has placed his bets.

17          21.   Chief Friel, with a little help from Township Magisterial Judge Koon and Common Pleas
18   judge Jeffery Sommers acted dangerously and even terroristically (similar to a [lynch] mob) when they
19   established a State-created danger by denying Ms Brown much needed PROTECTION FROM
20   ABUSE in light of glaring evidence and after several legitimate requests and by then retaliating against
21   her by railroading her with false criminal charges.

22          22.   This is 21st Century America, not 18th or 19th Century Jim Crow America when it was legal
23   to Black people.  Nor is it Afghanistan.  American women and ethnic minorities have been granted the
24   same constitutional rights (to include the right to FREEDOM FROM ABUSE) as other Americans.

25          23.   There are plenty of drug dealers, domestic abusers, methadone labs, gang bangers, and
26   John Bircher's upon which Valley Township law enforcement can direct its attention and resources.
27   Ms Brown's only crime was being an African American woman and critically ill (Heart Failure,
28   traumatized Emergency Heart Surgery and Cardiac Patient) and disabled military veteran who stood
29   up to a known serial batter, and who questioned this serial batterer-turned obsessed STALKER'S 4
30   decades history of violence against women and children and stood up for his dozens of victims.

1      24.  By setting loose a known mentally disturbed and violent serial batter and stalker on Ms

2  Brown ( a traumatized cardiac patient)—without so much as an order for anger management or anti-

3  battering therapy, Defendants and their cronies have placed her at increased risk of sudden death by

4  stress-induced acute coronary event or stroke and murder by gunshot wound at the hands of her

5  STALKER who authorities knows has a small arsenal of illegal firearms in his home!

6      25.  This 2 year unabated stalking campaign has not only made Ms Brown a hostage in her

7  own home! but also has taken a toll on her mental and medical health.  Her Police-endorsed

8  STALKER has been to her home with a loaded firearm and noise maker no fewer than 10 times since

9  Defendant's took him under their wing and decided to protect his criminal activity, call HIM the victim

10  and criminalize Ms Brown's protected and lawful activity.

11  **26.  No Help Available**

12      The Assistant District Attorney submitted in October, 2014 that, "***THESE PEOPLE ARE***

13  ***TERRORIZING YOU!***.  But more than a year later, the DA will get involved ONLY IF THERE IS A

14  DEAD BODY. The State AG suggested that Ms Brown contact the US DOJ and the FBI—who will only

15  get involved if Ms Brown can show an established pattern of misconduct that impacts several people

16  (rather than an individual Black woman—whose life apparently is insignificant).

17      27.  Whether for sport, entertainment, or out of reckless indifference and corruption,

18  Defendants instigated and escalated the danger posed by Ms Brown's harasser--a known career

19  batter--10 fold when he failed to take any action to remove illegal firearms and de-escalate the known

20  danger posed by his known mentally ill and serial batter townee friend (proxy)--but INSTEAD, "stood

21  by his long-time township resident and acquaintance after he  (several times) disobeyed the Chief's

22  order to have no further contact" with Ms Brown.  Police Chief Friel instead filed bogus criminal

23  charges against the victim—Ms Brown—the outsider Black woman who doesn't know her place or the

24  corrupt politics Chief Friel's township.

25      28.  Ms Brown is a law-abiding and upstanding citizen and a contributing member of society—

26  who just happens to be critically ill veteran who has been in and out of heart failure and is struggling to

27  recover from unexpected open-heart and open-chest surgery—which traumatized her and causes

28  physical vulnerabilities, and limitations.

29      29.  In his bogus criminal charge against Ms Brown, Chief Friel named the State as the

30  Plaintiff and NAMED HER STALKER AS THE "VICTIM" of Ms Brown's audacity to question her

1   abuser's long history of violence against vulnerable people (and then blaming his victims for "Bringing

2   Out the Violence In Him"), of her having communicated with his previous victims and most recent

3   victim and having the nerve to request PROTECTION by Police and the Courts from her STALKER'S

4   escalating violence.   Each request for help, even her request for medical help from the VA, was met

5   with escalated threats of violence from her STALKER and disparaging from Police Chief Friel.

6          30.   Ms Brown's stalker (Chief Friel's proxy) threatened that "*IF Blanche Does Not Drop Her*

7   *PROTECTION FROM ABUSE PETITION with the court, that they (he and Chief Friel) are going to go*

8   *file a criminal complaint with Magisterial Judge Koon.*" He threatened to "*Bust Down Blanche's Door.*

9   He threatened that "*if goes back to work he hears that Blanche has "said something to the VA, there's*

10   *gonna be trouble*"—she's a cardiac patient receiving primary care from the VA for Gods Sake!!  Ms

11   Brown's STALKER threatened to he effect that HE AND HIS FRIEND CHIEF FRIEL ARE "*JUST*

12   *WAITING FOR BLANCHE TO MAKE A WRONG MOVE SO THAT THEY CAN COME DOWN ON*

13   *HER AND PUT HER AWAY*" And he returned  with rifle and scope after dark several times to Ms

14   Brown's home throughout 2014 and 2015 because Chief Friel had given him permission through

15   suggestion, indirection and through his complicity.

16          31.   When Ms Brown refused to drop her April 21 PFA petition (as expected, because her

17   stalker's previous victim, a VA Registered Nurse, had dropped her PFA 2 months earlier) It appears

18   that Chief Friel, filed criminal charges the same day—at the request of Ms Brown's STALKER.

19
20   **State-Created Danger and Complicity by local Courts :Mobbing and Gangstalking (*EXHIBIS 6***
21   ***Summons for malicious prosecution)***

22          32.   It also appears that in order to "legitimize" and pursue his bogus criminal charges against

23   Ms Brown, Chief Friel may have put in a favor request to the Common Pleas Court Judge, Jeffrey

24   Sommers—a former DA--who would be presiding over Ms Brown's Petition for PROTECTION FROM

25   ABUSE against Chief Friel's proxy and buddy (Ms Brown's stalker).

26          33.   Despite glaring and strong physical evidence of harassment, written threats, vandalism

27   (to include cut telephone line; the spent 22 caliber long rifle bullet shell, among other things, Judge

28   Sommers  diminished the gravity of the life-threatening matter and characterized it as mere "squabble"

29   between 2 school children on the playground.  He demanded to Ms Brown's stalker, "LEAVE HER

30   ALONE".

31   **Judicial Hostility**

34.   However, CPC Judge Sommers DISMISSED, *with prejudice*, Ms Brown's petition for PROTECTION FROM ABUSE with a statement to the effect that, "*Some Groups Have Different Ways of Communicating . . but that does not rise to the level of ABUSE*". In other words, if the ABUSER is a Black man and his VICTIM is a Black Woman, intra-cultural norms dictate a certain level of tolerance for violence against Black women that is not otherwise tolerated by society at large or against White victims. It's simply dismissed as "Black-on-Black Crime" and "inherent Black pathology"

35.   Put another way, Judge Jeffrey Sommers and his colleagues apparently have established a double standard for ABUSE—creating a higher threshold when the VICTIM and PETITIONER FOR PROTECTION from Abuse is a Black Woman. He and Chief Friel as much issued Ms Brown's Stalker a license to terrorize and stalk Ms Brown and virtually assured him that he had the endorsement of both Valley Township Police and the Chester County Courts, hence there would be NO ADVERSE CONSEQUENCES to his increasingly dangerous actions against Ms Brown.

36.   Following Judge Sommer's irresponsible and reckless dismissal of Ms Brown's request for PROTECTION from her stalker, <u>Police Chief Friel attempted to bolster his bogus criminal charges against Ms Brown</u> when he  (admittedly) ADVISED and ENCOURAGED his proxy (Ms Brown's STALKER) to file a RETALIATORY PROTECTION FROM ABUSE PETITON against Ms Brown—a civil action for which there was no grounds (***SEE EXB7 &8 Friel's Interest in PFA Outcome and Subsequent ADVICE for STALKER'S RETALIATORY PFA against Ms Brown***).

37.   So Ms Brown's STALKER (Chief Friel's proxy) hired an unethical local Criminal Defense attorney to file a frivolous and malicious civil action against Ms Brown in common pleas court under the pretext of Protection From Abuse, The complaint alleged no threat, no aggression, no abuse or any type of violence, not even that her client (Ms Brown's STALKER) feared for his safety.

38.   But her stalker's Civil Suit/PFA Petition simply complained that Ms Brown CRITICIZED her stalker's violent behavior and history of assaulting women, children, pregnant women, and questioning him about reports of his repeated assaults on his own sisters as well as reports by his family of his having stripped his own teenage daughter and stepdaughter naked and assaulting them.

39.   Presiding Judge Carmody was hostile and threatening towards Ms Brown. He bullied her, made disparaging comments, attributed unsupported accusations of passive aggressiveness and "borderline personality" and a need to be "302"d. Common Please Judge Carmody Refused to allow

1    Ms Brown to use an affirmative defense which included evidence of her stalker's threats, abuse and
2    vandalism.

3        40.   Ironically, Common Pleas Judge Carmody had presided over a Petition for
4    PROTECTION FROM ABUSE filed against Chief Friel's proxy (Ms Brown's STALKER) , 2 months
5    earlier by a VA Registered Nurse who became his assault victim and who believed he would kill her
6    dogs and then kill her.

7        41.   Common Pleas Judge Carmody grudgingly dismissed the STALKER'S civil action against
8    Ms Brown (without prejudice) because Ms Brown invoked the actual statute (Title 23) relating to
9    Protection from Abuse.

10   **Continued Malicious Criminal Prosecution**

11       42.   Chief Friel acknowledged that his Proxy (Plaintiff's STALKER) *"more than likely was the*
12   *person who cut Ms Brown's telephone line"* in the middle of the night.  But Chief Friel continued with
13   his malicious prosecution against Ms Brown. *Upon being presented with authentic documentation of*
14   *his Proxy's mental illness and workplace violence, Chief Friel submitted, "Ms Brown, Maybe we should*
15   *follow up on your suggestion and arrange MEDIATED CONFLICT RESOLUTION, and put this thing*
16   *behind us . . ."* Yet he didn't take the correct path.  Instead Chief Friel continued to pursue With
17   respect to the unwarranted and malicious criminal charges that Valley Township Police Chief Friel
18   leveled against Ms Brown, Valley Township Magisterial Judge, Grover Koon was complicit with Chief
19   Friel's scheme (raise township revenue by filing bogus charges against non-township residents) as
20   well as was complicit with Chief Friel's abuse of authority, abuse of process and by allowing the
21   malicious prosecution to continue in the absence of any violations of any laws by Ms Brown.  This was
22   a prosecution in which Police Chief Friel appointed himself as the Prosecutor, and warned Ms Brown
23   that *as the prosecutor, he would not be allowing Ms Brown access to information used as evidence*
24   *against her nor would he be allowing her to speak in her own defense or present evidence at the*
25   *hearing.*

26       43.   Although Magisterial Judge Koon sent Chief Friel and his officer out of the court room, Judge
27   Koon nonetheless acted outside of his duty as a court administrator when he:
28   •    Gave Ms Brown's Stalker the Floor to continue with his verbal abuse and threats, but **did not**
29        **allow Ms Brown an opportunity to speak in her own defense**
30   •    knowingly and intentionally used deception  and coercion to trick Ms Brown into signing what
31        he stated was a mutual "No Contact" agreement between the parties.

1   • When Ms Brown asked to take a better look at the agreement, Judge Koon told her it was not
2       necessary, just trust him and it was in her best interest to sign.

3   • At the time Judge Koon placed his forearms over the top portion of the "form"—using the
4       sleeves of his Judge's Robe to cover up what would have been important information for Ms
5       Brown.

6   • Nearly 4 months later (late September, 2014), Ms Brown Received a notice that the "*Charges*
7       *had been Withdrawn*". However, when she went to the Valley Township District Court building
8       to ask for a copy of the "No Contact Agreement" which she had signed, she was handed a
9       photocopy of an ALTERNATIVE SENTENCING form with what appeared to be her signature
10      on it.

11  • This alternative sentencing form begs the question, how can a so-called "criminal defendant"
12      be given a "sentencing" of any kind without a HEARING? Without being afforded an
13      opportunity to defend herself? Or to question her accuser (In this Instance, Police Chief Friel)
14      or even question the so-called "victim" (in this case, her STALKER!)?

15      44.   Prior to the start of the  "criminal hearing", Chief Friel asked Ms Brown to join him in the

16  lobby where he proposed that Ms Brown should make things easier on herself by paying a fine,

17  signing an agreement and he would drop his charges against her.  When Ms Brown asked why he

18  was bringing the charges in the first place, Chief Friel became hostile and intimidating and

19  exclaimed, "*DO NOT OFFEND ME . . . DO NOT OFFEND ME. . .  I'm giving you a way out . . .*

20  *offering to cut you a break. . .  don't provoke me, you're already in enough trouble!*"

21      45.   Valley Township Magisterial Judge, Grover Koon informed Ms Brown that the second

22  citation, which Chief Friel allegedly wrote a week after the first one, but before the court mailed out

23  the summons and citation, had become a WARRANT FOR HER ARREST.  Essentially, Chief Friel

24  entrapped Ms Brown by NOT issuing her the second citation even after 3 inquiries with his police

25  department—thus denying Ms Brown opportunity to respond to it—making it a default warrant for

26  her arrest and placing her in even greater jeopardy.

27      45.   Ms Brown's STALKER's (Chief Friel's Proxy) primary complaint to Judge Koon and his

28  accusation against Ms Brown was, "*Blanche Has Issues With Men—She Slit My Throat When She*

29  *Told Richelle (VA Registered Nurse and assault victim) NOT to Withdraw Her Protection From*

30  *Abuse Petition Against Me . . I got enough enemies out there . . . !*"  **"*Blanche is Dead to Me!*"**

31      47.   Township Magisterial Judge Koon had the opportunity, but failed to stop the proceedings

32  before it started <u>when he informed Ms Brown that the un-issued second citation had become a</u>

33  <u>warrant for her arrest</u>.  Judge Koon had the opportunity, but failed to bring the kangaroo court

1    proceeding to a screeching halt after he gave Ms Brown's STALKER the floor, to the exclusion of

2    Ms Brown's right to testify on her own behalf-- and when he saw that the so-called "victim" of Ms

3    Brown's anti-violence criticism was grandstanding, prancing around the courtroom and had

4    launched into an over-the top dramatic play-acting, browbeating session and diatribe about Ms

5    Brown's police reports-- which included her STALKER"S threatening email, detailed description of

6    the twilight visits to her home, the discharging of his firearm as well as photos of his vandalism

7    and stalking.

8                              **VI.  IDENTIFICATION OF PARTIES**

9           48.  PLAINTIFF:  At all times relevant to this case, Plaintiff Blanche Brown was a law-abiding

10   resident of West Sadsbury Township in Chester County, PA. And she was also a traumatized Cardiac

11   Patient who struggled to recover from unexpected open-heart surgery and in and out of heart failure.

12          49.  DEFENDANT: Valley Township Police Chief Joseph Friel, at all times relevant to this

13   case, worked as the duly appointed head of the Valley Township Police Department in Coatesville PA.

14   He is responsible for the culture of the department and the promulgation and implementation of police

15   policies, procedures, and practices as well as the conduct of the Police officers in his employ. At all

16   times relevant to this case, Chief Friel was fully aware that Plaintiff's STALKER was a loose cannon

17   with emotional disturbances, mental illness and a history of violence.

18          50.  DEFENDANT:  Valley Township Police Department is a Municipal department, organized

19   under the laws of the Commonwealth of Pennsylvania It is responsible for the policies, procedures,

20   and practices of the police officers and others in its employ

21          51.  DEFENDANT:  Magisterial District Judge Grover Koon, at all times relevant to this case

22   was the duly elected public officer to preside over the Valley Township District Court in Coatesville, PA

23   and whose mission it is to seek justice, to foster public trust and to provide high quality courteous

24   service to all users of the magisterial district courts by processing cases and resolving disputes in a

25   manner that reflects the system's commitment to open access to the courts, fairness, impartiality, and

26   public accountability.

27          52.  DEFENDANT: Township Administrator, has oversight authority of Police Department

28          53.  DEFENDANT: Valley Township/Supervisory Board: is a Municipal Corporation, organized

29   under the laws of the Commonwealth of Pennsylvania It is responsible for the policies, procedures,

30   and practices implemented through its various agents, departments, and employees, and for injury

1   occasioned thereby. It is also the public employer of Defendants Police Chief, Joseph Friel and

2   Magisterial District Judge, Grover Koon.  At least one of the Township Supervisors has known

3   Plaintiff's stalker for several decades and should have known about the danger he poses to women.

4                                    **VII. FACTUAL INFORMATION**

5   **A. Brief Timeline**

6          54.  <u>On or about April 15, 2014</u> Ms Brown asked Chief Friel to confiscate her abuser's illegal

7   firearms (unregistered handguns and sawed-off shot gun) and to ensure that he is not able to retrieve

8   the other firearms that the county sheriff's officers confiscated 2 months earlier per a PFA Order on

9   behalf of the Registered Nurse whom Ms Brown's STALKER had assaulted **(EXB 2).**

10         55.  **Ms Brown asked Chief Friel to INTERVENE in her abuse crisis in a manner SIMILAR to

11  his intervention 2 months earlier following his proxy's assault of the Nurse.

12         56.  <u>On or about April 17, 2014</u> Chief Friel responded to Ms Brown's desperate plea for help

13  with a THREAT OF ARREST **(EXB 3).**  Chief Friel later falsely told Ms Brown's STALKER that Ms

14  Brown hung up on him when he phoned her.  Her STALKER made this statement during PFA hearing.

15         57.  <u>On April 18</u> Ms Brown sent a follow-up email to her STALKER'S previous battering

16  victim—a VA registered Nurse—inviting the nurse to MEDIATED CONFLICT RESOLUTION to resolve

17  the issue of the nurse having given her batterer access to Ms Brown through her email account ,with

18  full knowledge that Ms Brown was TRYING TO GET AWAY FROM HIM—and <u>despite the VA Nurse's</u>

19  <u>own stated fear that she herself is afraid of her batterer (Chief Friel's proxy) and believes he'll kill her</u>.

20         58.  <u>On April 18</u>, Ms Brown contacted the VA and asked to be admitted to the hospital

21  because her anxiety and stress were causing her chest pains and heart palpitations.  She was

22  admitted to Brandywine Hospital on April 18 and spent the Easter weekend in the hospital **(EXB10**

23  **hospital note).**

24         59.  <u>On or about April 21, 2014</u> following her emergency hospital discharge (stress-induced

25  coronary event) Ms Brown filed a Petition for Protection from Abuse **(EXB 11)** with Chester County

26  Common Pleas Court—because Valley Township Police Chief Friel refused her request to remove

27  illegal firearms from her STALKER, who was a known abuser and resident in Chief Friel's township.

1    60. <u>On or about April 24, 2014</u>, Ms Brown's STALKER threatened that **unless Ms Brown**

2    **drops her PFA petition, he and Chief Friel are going to file a criminal complaint with Judge**

3    **Koon.**

4    61. <u>On or about April 29, 2014</u> Ms Brown received in the mail a  SUMMONS **(EXB 6)**  and notice

5    of a criminal charge from the Valley Township District Court (she had refused to drop her PFA against

6    Chief Friel's friend).

7    •    Chief Friel had apparently charged Ms Brown with <u>Criminal Harassment</u> of his Township
8         Resident  (Ms Brown's STALKER) although Ms Brown discovered that the correspondence in
9         question had actually been sent to her STALKER'S previous assault victim  (VA Registered
10        Nurse) who lives in an altogether DIFFERENT TOWNSHIP than Chief Friel's proxy or his
11        JURISDICTION! **(SEE EXHIBITS 6 & 9)**

12   •    <u>In Late April through May, 2014</u> Chief Friel and his clerks refused to allow Ms Brown to have
13        copies of the police reports and citations **(EXB 12 Plaintiff's late May request for info)**.

14   •    <u>In May, 2014</u> Chief Friel taunted Ms Brown, telling her that HE would be the PROSECUTOR
15        at her "criminal" hearing and that HE would not be allowing Ms Brown an opportunity to
16        present a defense.  She made complaint with Magisterial Court **(EXB 13)**

17   •    <u>Late May, 2014</u> Valley Township Police finally produced the RECORD OF CITATION a week
18        before the criminal hearing against Ms Brown—after refusing several previous requests.

19   •    <u>In early June 2014</u> Judge Koon presided over what can best be described as a Kangaroo
20        Kourt in a 3rd world country—denying Ms Brown of her right to be heard or defend herself
21        against Chief Friel's malicious charges.  Judge Koon duped Ms Brown into signing what
22        ultimately turned out to be an "*Alternative Sentencing Agreement*"—without a hearing or trial—
23        and which he had falsely represented as a *"No Contact Agreement"*—while Ms Brown's
24        STALKER had been given the floor and was verbally abusing her. **(EXB 14**
25        **MISEPRESENTED "ALTERANTIVE SENTENCING AGREEMENT)**

26   •    <u>In Sept, 2014</u> Ms Brown received a notice of *Withdrawal Of Charges* **(EXB 6b)**

27   **B. Items In Chief Friel's Possession (***See EXHIBITS  15 & 16***)**

28   62.  Chief Friel has in his possession  the following:

29   •    Portions of Mental Health Records  and Workplace Investigation Evidence File of Ms
30        Brown's STALKER--indicating that her stalker (his proxy) is SUICIDAL, was diagnosed
31        with severe MAJOR DEPRESSIVE DISORDER; is PARANOID, is a DISGRUNTLED
32        Government Employee with a HIT LIST of supervisors and administrators whom he
33        blames for his multiple demotions, suspensions, and against whom he has promised
34        revenge upon his retirement.

35   •    *Spent 22 Caliber Long-Rifle bullet Shell* that Ms Brown's Stalker after discharging his
36        firearm near the large oak tree outside of Ms Brown's bedroom window **(Exhibit 15a,b)**

1     •   *Shooting Gloves and other items* that Ms Brown's STALKER (Chief Friel's proxy) left
2        behind during his pre-dawn forays to Ms Brown's home where he made noises outside of
3        her home in an attempt to lure her to her window where he could shoot her in order to
4        keep her from FILING A PFA and GOING TO COURT, and CONTACTING THE VA.
5        **(Exhibit 16a,b)**

6     •   Friel has on file VA Registered Nurse, R. Solomon's Feb 2014 PFA petition and W. Caln
7        Township police reporting that Ms Brown's STALKER (Chief Friel's Proxy) demanded
8        $30,000, from nurse Solomon, threatened to kill her dogs and assaulted Ms Solomon

9     •   He has on file Ms Brown's April, 2014 PFA petition **(EXB11)** reporting that Nurse
10      Solomons batterer (Chief Friel's proxy) also roughed Ms Brown up, threatened her several
11      times and came after her with loaded firearm.

12     •   Chief Friel has in his possession Ms Brown's phone record that shows that her STALKER
13      (Chief Friel's proxy) phoned Ms Brown 280 times in a 3 month period (90 times per
14      month—between 20 and 20 calls per week—roughly 3 calls per day EVERY SINGLE
15      DAY—at any hour).

16     •   Chief Friel has in his position photo evidence of his Proxy's, vandalism on Ms Brown's
17      property—to include*: sabotaging her outside phone line and phone junction box*—among
18      other things **(Exhibit 16a-c).**

19     •   Chief Friel has on file the 2006 assault charge against his proxy (Ms Brown's STALKER)
20      for choking an ex-girlfriend.

21  **63.  C.  Chief Friel acknowledged and submitted in face-to-face meetings that:**

22  a. He conducted a background check on Ms Brown and found that she is a law-abiding citizen-- That
23  she had NO criminal record—not even a parking ticket.

24  b. He Wrote a second citation against Ms Brown.  However he intentionally did not send it to Plaintiff
25  to prevent an opportunity to answer it(so that it would become a WARRANT FOR HER ARREST)

26  c. HE, the police chief will be the "PROSECUTOR" at Ms Brown's valley township criminal hearing
27  before Magisterial Judge G. Koon and that he *WILL NOT ALLOW MS BROWN TO MOUNT A*
28  *DEFENSE (Ms Brown won't be able to present evidence or get a word in edgewise, because he's*
29  *going to keep interrupting her with objections and will not allow her to question the so-called victim or*
30  *question Chief Friel himself --although he's her accuser)*

31  d. As a professor, Ms Brown has contributed far more to society than her stalker (he referred to her
32  STALKER as a piece of crap)—and that he received at least 2 very positive character references
33  about Ms Brown---, but he's still going to protect Ms Brown's STALKER (his proxy) and prosecute Ms
34  Brown.

e. He stated that he's known Ms Brown's STALKER for nearly 2 decades—**much longer than Ms Brown has known him.** He stated that he arrested and charged Ms Brown's STALKER in 2006 for choking a woman.

**64.   D.  Chief Friel at all times relevant,  has been aware that:**

f. Ms Brown's STALKER tried to beat another woman to death—knocking out all of her teeth.

g. Her STALKER kicked in the skull of a young man—causing permanent neurological damage.

h. Her STALKER stripped his 14 year old daughter and step daughter naked, tied them to a bedpost and beat them, when the mother tried to intervene, he beat her savagely—but he now accuses his daughter of *"abandoning him"* after she fled his violence at age 15.

i. Chief Friel is also aware that at least 2 women miscarried after his proxy (Ms Brown's STALKER) beat them.

j Chief Friel is aware that his proxy (Ms Brown's STALKER) has established a pattern of borrowing cars from his brother, friends, his mechanic and co-dependant victims-- and drives to women's houses so that he can "spy on them".

k. He is also aware that his proxy has an established pattern of AMBUSHING people in parking lots or in alleys—and has threatened to do just that to his workplace supervisors and co-workers after he retires (when he believes his pension is secure).

l. Chief Friel is aware that his proxy (Ms Brown's STALKER) has a long history of workplace violence, patient abuse, disciplinary actions and demotions

m. Chief Friel is aware that his Proxy has documented diagnosed severe Mental Illness and rage issues (he actually contacted his proxy's therapist and requested that the psychotherapist make a referral for anger management counseling following the Registered Nurse's PFA—only 2 months prior to his stalking campaign against Ms Brown).

n. Chief Friel is also ware that Plaintiff's STALKER (his proxy's) has a long history and recent history of violence against women.

o. **Chief Friel submitted that he believes that Ms Brown's Stalker (his proxy) more than likely was the person who sabotaged Ms Brown's telephone junction box and cut her telephone line (COMCAST verified that the line had been "INTENTIONALLY CUT").**

## VIII.  CAUSES OF ACTION and CLAIMS FOR RELIEF

### COUNT 1: MALICIOUS PROSECUTION under 14th amendment and PA statute

65.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if herein set forth.

1      66.   Defendant Chief of Police Friel commenced a retaliatory and discriminatory criminal

2    proceeding against Ms Brown with malice and without probable cause and for which she was NOT

3    convicted—as the charges were ultimately (months later) withdrawn by the municipal court.

4      67.   Apparently because of Ms Brown's Critical medical condition and frail health, Chief Friel

5    and his proxy (Ms Brown's STALKER) determined she would be an easy and pliant target--thus did

6    not expect her to contest the charges or have the wherewithal to push back against heir mobbing.

7      68.   Township District Judge Koon played an indirect role by cooperating with Chief Friel

8    **instead of** correcting him or by dismissing the charges out-right.

9      69.   The Valley Township Police Department and Valley Township Manger and Board of

10   Supervisors are liable under the doctrine of respondeat superior.

11      70.   The malicious prosecution served as retaliation against Plaintiff for asking for Police Help,

12   Filing a PFA and police complaints against the Chief's Friend and Proxy; and it was also a clever, but

13   unconscionable way to attempt to generate revenue for the Township.  The wrongful prosecution

14   served to discredit Ms Brown and sully her reputation as well as caused re-traumatization extreme

15   distress and emotional duress for which Plaintiff sought therapy in late 2014 and early 2015.

16
17                   **COUNT 2:  STATE-CREATED DANGER**
18       **Violation of Due Process Right and 14th Amendment Equal Protection**
19  **Deprivation of Rights under 42 USC 1983; Deprivation by Party Acting under State Law**

20      71.   Plaintiff repeats and re-alleges and incorporates by reference the allegations in all

21   paragraphs above with the same force and effect as if herein set forth

22      72. If the state puts a citizen in a position of danger from private persons and then fails to

23   protect that person... *"it is as much an active tortfeasor as if it had thrown him into a snake pit"*.

24   Chief Friel and the Valley Township Police Department as well as Magisterial Judge District Judge

25   Koon Declared open hunting season on Ms Brown (and other women and disabled veterans) when

26   they placed Ms Brown in a position of danger by one whom they knew possessed illegal firearms, who

27   had made several credible threats against Ms Brown, and who also had a documented long history of

28   violence against women, minorities and veterans.  And after placing Ms Brown in danger, Defendants

29   refused to protect Ms Brown, but rather, they escalated the danger even further.

30      73.   Through the affirmative actions of Valley Township Police Chief Friel and the Valley

31   Township Police Department, the state escalated and created additional dangers that deprived Ms

32   Brown of her Fourteenth Amendment right to substantive due process right to bodily integrity, freedom

33   from abuse , freedom from harassment and stalking, terroristic threats and freedom from false arrest.

74.   Valley Township Police Chief Friel flipped the script.  Instead of arresting Ms Brown's STALKER for disobeying his order to not contact Ms Brown and for violating the PFA, Chief Friel instead invited Ms Brown to contact him but then disclosed Ms Brown's confidential correspondences and complaints about her STALKER and then Charged Ms Brown with a crime (for contacting her Stalker's previous battering victim in an altogether different township and jurisdiction) and **named Ms Brown's STALKER as the *victim*** in the malicious criminal prosecution *(EXB 6 SUMMONS).*

75.   Chief Friel's conduct, whether for sport, entertainment or just plain incompetence, affirmatively placed Plaintiff in a high degree of Police-endorsed danger posed by long-term stalking (and stalking by proxy) that had not existed before Chief Friel abused his authority and targeted Ms Brown in a malicious and retaliatory prosecution --in which Chief Friel flipped the script and **falsely named Ms Brown's STALKER as her victim and Ms Brown as the criminal.**

76.   Chief Friel promised Ms Brown that he would talk to her stalker and he guaranteed Ms Brown that he would see to it that her STALKER did not return to her home with loaded firearm and the intent to kill her.

77.   Yet Chief Friel  continued to instigate and feed into the anger and hatred towards military veterans and women (and his indifference to ethnic minorities) that he apparently shared with Plaintiff's STALKER.  Chief Friel was aware of that danger from past experiences with Plaintiff's STALKER.

78.   Several times Ms Brown implored Chief Friel to NOT disclose her confidential communications with her STALKER, (a known mentally ill career batterer with a long history of violence against women, children and disabled veterans), because tipping her STALKER off places her in danger.

79.   Ms Brown also explained to Chief Friel that when he entertains her STALKER'S hateful vitriol or supports and agrees with his violent hatred toward military veterans and toward women and blames women for his problems, that Chief Friel is feeding the monster.  For example when Chief Friel agreed with and sympathized with comments made by Ms Brown's STALKER that, "*These Women Bring Out The Violence In Me",* he was essentially showing his support of and condoning this known career batterer's violence against women and girls.

80.   Ms Brown also informed Chief Friel numerous times, that by disclosing her confidential communications and by encouraging her STALKER to file a retaliatory Protection From Abuse (PFA) petition (abuse of PA Protection From Abuse Act) against her with the court, that **he is placing her in danger** of being re-victimized, not only by a system that is hostile to women of color and low income women, but also he was instigating increased and encouraging hatred and dehumanization from his

1    proxy towards Ms Brown and is **giving Ms Brown's STALKER permission to escalate his**

2    **violence—and to believe that he must "exterminate" those whom he hates and perceives as a**

3    **threat.** It was like a blood letting in the arena where Chief Friel seemed to be entertained or even

4    energized by the hunt (by proxy).

5          81.    And because her STALKER suffers not only from documented SEVERE MAJOR

6    DEPRESSIVE DISORDER, but also from PARANOIA-- he views his "vigilante" conduct as mere self-

7    preservation to which he is entitled and granted by Chief Friel and Judge Koon.  He sets out to

8    DESTROY (KILL) THE PERSON who he believes could get him fired and lose his pension (hence his

9    financial security) after 30 years as a VA employee.

10          82.    Yet Chief Friel blamed Plaintiff for her STALKER'S violence and continued to act in

11   conscience disregard of the risk posed by his reckless conduct—which included Filing retaliatory

12   Criminal charges against Ms Brown in which he vilified Ms Brown and painted her as a violent

13   criminal—**but what is worse, Chief Friel falsely named Ms Brown's STALKER as the VICTIM** of

14   Ms Brown's criticism of his 4 decades of violence against women and children—thereby giving this

15   paranoid sociopath a wink and a nod along with permission to repeatedly attempt to carry out his plan

16   to murder Ms Brown and to hunt her down whenever he felt offended.

17          83.    Prior Ms Brown's PFA hearing (but AFTER the filing of the temporary PFA Order—which

18   Chief Friel had) she reported to Chief Friel that her STALKER (Chief Friel's Proxy) had returned to her

19   home between 3am and 5am with a loaded firearm and had cut her telephone line—and then returned

20   later that morning (after sunrise) in a white car looking for something that he had apparently left

21   behind.

22          **84.    BY CRIMINALIZING AND PROSECUTING MS BROWN FOR CONTACTING HER**

23   **STALKER'S PREVIOUS BATTERING VICTIM, Police Chief Friel gave Ms Brown's SOCIOPATH**

24   **STALKER** the <u>clear message that</u>: (a) Ms Brown has NO rights that will be respected by any male

25   judge or male law enforcement officer (b) Ms Brown has no right to question or criticize her

26   STALKER'S violence nor to advocate for his other victims (c) **that by exterminating Ms Brown, he**

27   **will be doing Chief Friel, the VA and himself a favor** and (d) as a serial and career BATTERER, he

28   can continue his reign of terror against Ms Brown and every other women, minority or disabled

29   veteran—**because CHIEF FRIEL (and Judge Koon) HAVE HIS BACK!**

30          85.    Ms Brown would not have been exposed to the continued STALKING by Chief Friel's

31   **proxy if not for Chief Friel's** deliberate indifference and disregard for Ms Brown's safety, his grossly

32   reckless actions which encouraged and facilitated her STALKER'S escalated obsession and violence

33   and repeated attempts on her life.  Chief Friel's complicity with Ms Brown's documented mentally

1 disturbed STALKER and his irresponsible and retaliatory actions—actions that would shock any
2 reasonable person and which any reasonable person would find unconscionable-- as Chief Friel's
3 actions were meant to punish, harm and injure Plaintiff in a way that is unjustifiable.

4     86.   Chief Friel's proxy (Ms Brown's STALKER) has now taken to making bold threats of
5 violence to families in his neighborhood—because he knows that so long as Chief Friel has his back,
6 there will be no consequences and no accountability.

7
8 **COUNT 3: ABUSE OF PROCESS**
9 **Common Law**

10     87.   Plaintiff repeats and re-alleges and incorporates by reference the allegations in  all
11 paragraphs above with the same force and effect as if herein set forth.

12     88.   Defendants Friel and Koon, with a perverse interest, improperly used the law
13 enforcement process primarily to accomplish purposes for which the process was not designed.
14 Apparently an unspoken policy and practice within Valley Township is to RAISE REVENUE by issuing
15 wrongful citations and charge fines to unwary people who have not committed any crimes.

16     89.   The Township Police Department, particularly the Chief of Police leveled unfounded
17 criminal charges against Ms Brown and escalated the abuses of the process to punish and retaliate
18 against Ms Brown.  He further harmed Ms Brown by intentionally neglecting to issue her a second
19 (unfounded) citation so that it would become a WARRANT FOR HER ARREST!

20     90.   Both Police Chief Friel and Magisterial District Judge Koon used the legal process as a
21 tactical weapon to coerce a desired result that was not the legitimate object of the legal, public safety
22 or law enforcement processes.

23 • In mid to late April, 2014 Ms Brown filed a PFA against her STALKER *(EXB 11)*

24 • Police Chief Friel apparently advised Ms Brown's abuser/stalker to threaten to file a complaint
25 with Judge Koon unless Ms Brown drops her Protection from Abuse (PFA) petition against
26 him—as his previous victim had (quid pro quo?).

27 • In late April, 2014 Valley Township District Court mailed Ms Brown a citation that Police Chief
28 had issued Ms Brown because Ms Brown had sent an email invitation to her STALKER'S
29 recent battering victim in a different township (a VA Registered Nurse who stated that she
30 feared her batterer—Ms Brown's harasser and stalker—would kill her and he dogs).

31 • Chief Friel imposed restraints on Ms Brown's liberty and movements  (practically confining her
32 to her home) for months with the threat of an ARREST WARRANT looming over her head.
33 This WARRANT had been deliberately and maliciously developed because Chief Friel
34 intentionally failed to send Ms Brown a copy of the citation, thus denying her an opportunity to
35 receive and respond to the citation.

1    •   District Judge Koon knew or should have known, Based on Plaintiff's response to the original
2           citation, that Chief Friel's criminal charges against Ms Brown were groundless but he sought to
3           continue the process for an ulterior purpose, including, but not limited to, the purpose of aiding
4           Chief Friel.

5    •   Judge Koon used the ***"Alternative Sentencing"*** process for a purpose for what which it was
6           not intended (***SEE EXHIBIT 14***) .  Valley Township Governing Body is liable per doctrine of
7           respondeat superior.

8  91.  Defendants' individual and collective actions against Ms Brown have caused extreme emotional
9  distress and resulting stress-induced chest pains and other somatic issues.

10                  **COUNT 4: MALICIOUS ABUSE OF CIVIL PROCESS**
11                  **(Dragonetti Act," 42 Pa.C.S.A. §§ 8351-8355.)**

12       92.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in all

13 paragraphs above with the same force and effect as if herein set forth

14      Defendants Wrongfully **used civil proceedings under Pa Title 23 Protection from Abuse laws.**

15 **Defendant Friel aided and abetted in the institution (advised and encouraged—even induced)**

16 **of** her STALKER'S malicious lawsuit against Ms Brown without probable cause and for the purpose of

17 retaliation, and harassment.

18   •   Chief Friel advised and assisted Ms Brown's STALKER in filing both a RETALIATORY
19          complaint with Judge Koon in magisterial district court as well ADVISED & ENCOURAGED
20          HER STALKER TO FILE a Retaliatory Protection from Abuse (PFA) civil action under PA Title
21          23 against Ms Brown.

22   •   He earlier apparently advised Ms Brown's abuser/stalker to threaten to file a complaint with
23          Judge Koon unless Ms Brown drops her Protection from Abuse (PFA) petition against him—as
24          his previous victim had (quid pro quo?).

25   •   Chief Friel later advised Ms Brown's STALKER to file a malicious and retaliatory Protection
26          from Abuse (PFA) civil action--purportedly under Title 23-- in County Common Pleas Court,
27          for the purpose of railroading Ms Brown to bolster Chief Friel's malicious prosecution in the
28          upcoming criminal hearing—in which Chief Friel stated that HE would be the prosecutor and
29          would not be allowing Ms Brown to mount a defense.

30   •   The primary theme around which the malicious civil lawsuit was framed was, "*Ms Brown*
31          *CRITICIZED*" her Stalker's violent behavior. Criticizing her STALKER'S (violence against
32          women does NOT constitute Violence, nor a threat of Violence or any type of abuse.

33   •   The underlying proceeding terminated in Ms Brown's favor, but not without Ms Brown having
34          to overcome the "assumption of guilt" by an entrenched and biased county court.   The actions
35          have taken a toll on Ms Brown's already frail health and further traumatized her.

36       93.  Valley Township  Manager and Governing Body are liable per respondeat superior doctrine.
37                  **COUNT 5: VIOLATIONS OF 42 U.S.C. 1983**

### 14th Amendment Due Process Right

94.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in all paragraphs above with the same force and effect as if herein set forth

- Defendant Chief Friel violated Ms Brown's right to Due to Process when he fabricated criminal charges against her Freedom of Speech in order to obtain a "conviction". He also suborned her STALKER'S perjury in both her Petition for PROTECTION FROM ABUSE and in Chief Friel's criminal prosecution. Ms Brown's STALKER perjury supported his false affirmative defense for his harassment, threats and stalking.

- Chief Friel intentionally "neglected" to send out the second citation that he wrote for Ms Brown so that it would become a **WARRANT FOR HER ARREST**—without her having the opportunity to respond to the warrant or contest it ahead of time.

### COUNT 6:  5TH AMENDMENT DUE PROCESS VIOLATION

95.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in all paragraphs above with the same force and effect as if herein set forth

**Due process** is an assurance that all legal proceedings will be fair and reasonable.
- Defendant Magisterial District Judge Koon violated Ms Brown's Due Process Right when he neglected to allow Ms Brown an opportunity to speak in her own defense, but instead gave her STALKER the floor where he continued with his abuse and harassment campaign.

- Defendant Judge Koon violated Ms Brown's Due Process Right when he employed Deception to Dupe Ms Brown into signing what he falsely represented as a mutual "*No Contact Agreement*" while her STALKER ranted and grandstanded, intimidated, verbally abused her.

- Judge Koon placed his forearms over the top of the form, using the sleeves of his judge's robe to conceal the top portion of the form. He assured Ms Brown that she could trust her and there was no need for her to read the entire form—and that *signing the "Agreement" would be in her best interest.*

### COUNT 7: VIOLATIONS OF 42 U.S.C. 1983
### Violation of 14th Amendment Equal Protection

96.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in all paragraphs above with the same force and effect as if herein set forth.

97.  Chief Friel Denied Ms Brown equal protection under the Pennsylvania Protection From Abuse Act as well as denied her equal protection under the constitution.

98.  Although Chief Friel enforced the PFA filed by the VA Registered Nurse against Ms Brown's STALKER, he refused to enforce ms Brown's PFA against her Stalker, but instead used Ms Brown's PFA to restrict her activity.

### COUNT 8: VIOLATIONS OF 42 U.S.C. 1983
### 4th amendment Rights Violations

1    99.   Plaintiff repeats and re-alleges and incorporates by reference the allegations in all

2    paragraphs above with the same force and effect as if herein set forth

3    100.   Chief Friel violated Ms Brown's right to be secure in her person, home, papers, and

4    effects, against unreasonable searches and seizures when he ISSUED A WARRANT for her arrest

5    WITHOUT Probable Cause.  The fear of being arrested and jailed is traumatizing and placed

6    limitations on Ms Brown's physical activity outside of her home.

7    101.   Plaintiff does not feel safe driving into or through Coatesville—especially Valley

8    Township--not only because of the unabated danger posed by her STALKER, but also because of the

9    risk of being pulled over by police and arrested, jailed and having her car impounded—because of

10   Chief Friel's malicious warrant.

11   **COUNT 9: VIOLATIONS OF 42 U.S.C. 1983**
12   **6th Amendment Claim:**
13   **Violation of Plaintiff's right to Speedy and Fair Trial, Legal Counsel**

14   102.   Plaintiff repeats and re-alleges and incorporates by reference the allegations in all

15   paragraphs above with the same force and effect as if herein set forth

16   Defendant, municipal judge Koon denied Plaintiff her right to a fair public hearing when he

17   cleared the courtroom and set loose Ms Brown's STALKER (the alleged "victim") on her.

18   Chief Friel taunted and threatened Ms Brown that HE would be the PROSECUTOR and would not be

19   allowing Ms Brown to question witnesses or defend herself in the hearing.

20   103.   Judge Koon denied Ms Brown the opportunity to QUESTION adverse witnesses when

21   he denied her the opportunity to be heard in the criminal proceedings. And because Judge Koon

22   denied Ms Brown the opportunity to be heard, he also denied her the opportunity to ask for legal

23   counsel/ an attorney.

24
25   **COUNT 10: VIOLATIONS OF 42 U.S.C. 1983: 14th Amendment Claim for**
26   **Selective Enforcement of Laws**

27   104.   Plaintiff repeats and re-alleges and incorporates by reference the allegations in all

28   paragraphs above with the same force and effect as if herein set forth

29   105.   Defendants enforced the laws against Ms Brown differently than other similarly situated

30   individuals.  This selective treatment was based on one or more unjustifiable standard: race, gender,

31   socio-economic status, color, as well as military veteran status-- to prevent the exercise of a

32   fundamental right to protection from abuse and her right to criticize her abuser as well as advocate for

33   his other victim.  The PA Protection from Abuse Act (Title 23) requires law enforcement to arrest

1   defendants who violate PFA.  BUT Chief Friel did NOT arrest or charge Ms Brown's STALKER even

2   though he admitted that he had probable cause.  Instead he flipped the script and charged Ms Brown.

3       106.   Plaintiff was treated differently from her male STALKER and a White victim of her stalker:

4   •   Defendant, Police Chief Friel exceeded his limited statutory authority and applied laws
5      unequally

6   •   Ms Brown was cited by Defendants and prosecuted for standing up to  her abuser's threats,
7      harassment and stalking and for contacting her STALKER'S previous battering victim (a VA
8      Registered Nurse). Her stalker, on the other hand was not criminalized, cited or prosecuted for
9      violating not only title 23 statute, but also for disobeying Chief Friel's directives, the court's
10     verbal directive and State harassment and stalking statutes.

11  •   Also, Chief Friel intervened when Ms Brown's stalker was involved in a PFA matter with a
12     White woman (A VA nurse) 2 months prior to his stalking campaign against Ms Brown.  When
13     Ms Brown asked Chief Friel, in writing to intervene in a similar matter as he had previously,
14     Chief Friel refused to intervene and instead threatened Ms Brown with a citation and arrest.

15  •   When Ms Brown's STALKER was contacted by his previous battering victim—a White Woman
16     following her temporary PFA, Chief Friel took no criminal action against her.  Yet, when Ms
17     Brown mailed a copy of her own PFA 2 months later to her STALKER, Chief Friel Issued her
18     yet a second citation (which he and his secretary stated that he did NOT send to Ms Brown.  It
19     ultimately turned into a warrant for Ms Brown's arrest.

20        **COUNT 11: Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
21        **(Failure to Implement Appropriate Policies, Customs and Practices**

22      107.   Plaintiff re-alleges and incorporate herein by reference the allegations set forth in

23  previous paragraphs above of this Complaint

24      108.   Valley Township Police Chief Joseph Friel implicitly or explicitly established/ adopted

25  and implemented careless and reckless internal policies, customs, or practices, that included, among

26  other things:  (a) Responding to requests for help in stalking situations with dismissiveness and

27  threats—as a deterrent to victims; (b) railroading and maliciously prosecuting outsiders as a way of

28  generating revenue for the township (b) protecting and covering up crimes committed by old friends

29  and township residents when the crimes are committed against non-township residents.

30      109.   Magisterial District Court Judge Koon, implicitly or explicitly established/ adopted and

31  implemented careless and reckless internal policies, customs, or practices, thatincluded, among other

32  things: (a) colluding with Chief Friel in malicious prosecutions; (b) placing his personal interests above

33  the interest of individual parties to disputes; (c) enlisting deception and dishonesty to dupe unwary

34  "defendants" into signing  "Alternative Dispute Agreements" without an opportunity to be heard.

35        **COUNT 12: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY**

36      110.   Plaintiff repeats and re-alleges and incorporates by reference the allegations in

1   paragraphs above with the same force and effect as if herein set forth.

2       111.  As a result of their **concerted unlawful and malicious conspiracy** of Defendants ,

3   Plaintiff , Blanche Brown was deprived of both  her liberty rights without due process of law and her

4   right to equal protection of the laws, and the due course of justice was impeded, in violation of the 5th

5   and 14th  Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

6               **COUNT 13: CONSPIRACY, Pennsylvania Common Law**

7       112.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in all

8   paragraphs above with the same force and effect as if herein set forth

9
10            **COUNT 14: Discrimination in violation of Civil Rights Act and**
11                **Pennsylvania non-discrimination statutes**

12      113.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in all

13  paragraphs above with the same force and effect as if herein set forth.

14            **COUNT 15: VIOLATION OF CIVIL RIGHTS ACT OF 1964**

15      114.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in all

16  paragraphs above with the same force and effect as if herein set forth

17
18  **COUNT 16: 42 U.S.C. § 1983 – GENDER AND RACIAL DISCRIMINATION in Violation of the**
19  **Equal Protection provision of the Fourteenth Amendment**
20  **and EQUAL RIGHTS UNDER THE LAW 42 U.S.C. § 1981**

21      115.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in

22  paragraphs above with the same force and effect as if herein set forth.

23      116.  Defendants deprived Ms Brown, an African American woman, of her right to give

24  evidence, and to the full and equal benefit of all laws and proceedings for the security of person and

25  property as is enjoyed by white citizens (and men), and shall be subject to like punishment, . . .  and

26  to no other.

27      117.  Defendants apparently have a separate set of rules set aside for women and minorities

28  (and specifically minority women).

29
30  **COUNT 17: CONSPIRACTY TO DEPRIVE (42 USC 1985)  and Deprivation of Civil Rights under**
31  **42 USC 1983; Deprivation of Rights Under Color of Law (18 USC Section 242)**

32      118.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in

33  paragraphs above with the same force and effect as if herein set forth.

34    **A.  Obstructing justice; intimidating party, witness,**

1    119.  Defendants, in collusion with (by proxy) Ms Brown's STALKER and independently

2    conspired for the purpose of impeding, hindering, obstructing, or defeating, the due course of justice

3    with intent to deny Ms Brown equal protection of the laws, to injure her for lawfully attempting to

4    enforce her own constitutional rights and to obtain equal protection of the laws meant to protect her.

5    120.  Defendant, Police Chief Friel used a malicious prosecution in collusion with Ms Brown's

6    STALKER to dissuade Ms Brown from following through on her PFA petition and to withdraw it.

7    121.  He also silently endorsed Ms Brown's STALKER'S actions (to include threats,

8    intimidation and constructing and promulgating a false narrative to cover his pre-meditated plan to

9    shoot Ms Brown through her bedroom window to prevent her from filing her PFA and to keep her from

10    seeking Assistance from her treating physicians at the Coatesville VA and from going to court to testify

11    at the PFA hearing.

12    **B. Compromising a Criminal Case**

13    122.  While this instant complaint is NOT a criminal complaint, it should be noted that In the

14    process of obstructing justice and brainwashing Ms Brown's  MENTALLY DISTURBED STALKER,

15    Chief Friel also compromised what should have been a criminal case against Ms Brown's STALKER

16    while indirectly CONSPIRING TO COMMIT A CAPITAL CRIME (Attempted MURDER!!) by Ms

17    Brown's STALKER.

18    **C.  Depriving persons of rights or privileges**

19    **123.  Defendants, in legion with Ms Brown's STALKER** deprived, Ms Brown directly and

20    indirectly, of the equal protection of the laws, as well as deprived her of equal privileges and

21    immunities under the laws.

22    124.   By manufacturing and promulgating a false narrative (she's just a crazy veteran; her

23    STALKER is the victim) Defendants hindered and prevented the local police and courts from providing

24    equal protection of the laws.

25    125.  Defendants conspired to deprived Ms Brown of her  rights to free speech, a fair and

26    impartial day in court, her right to be heard, her right to be free from abuse, discrimination and

27    harassment, her right to question witnesses, her right to due process –as well as other , privileges,

28    and immunities secured by the Constitution and Federal and State laws,
29

30    **COUNT 18: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT**

31    126.  Plaintiff repeats and re-alleges and incorporates by reference the allegations in

32    paragraphs above with the same force and effect as if herein set forth.

127.   At all times relevant Defendants, Police Chief Friel and Valley Township District Judge, Koon--acting under color of law and pursuant to unwritten policy or custom, Valley Township Administrator/Manager and Board of Supervisors failed to  question, correct, redirect, to instruct, supervise, control, on a continuing basis Defendant Police Chief and district judge from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities,

(b) unlawfully and maliciously issuing an arrest warrant and  prosecuting a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities,

(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Pennsylvania; and

(d otherwise depriving Plaintiff of her constitutional & statutory rights, privileges, andimmunities.

128.   Defendants Valley Township Board of Supervisors had knowledge or, had they diligently exercised their duties to instruct, supervise, control, on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.

129.   Defendants Valley Township Board of Supervisors had power to halt, prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

130.   Defendants, the Valley Township Board of Supervisors directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Police Chief Friel and Judge Koon which involved railroading, entrapping and maliciously prosecuting innocent citizens for the purpose of generating revenue for the township .

131.   As a direct and proximate cause of the negligent and intentional acts of Township Supervisory Board, Plaintiff suffered medical injury, loss of reputation, and severe mental anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

### COUNT 19: VIOLATIONS OF 42 U.S.C. 1983
### Monell claim against Valley Township Municipality Governing Body

132.   Plaintiff incorporate by reference all allegations set forth in  previous paragraphs above, as if fully set below.

133.   Valley Township Police Department and Valley Township Board of Supervisors/ Governing Body had a duty to adequately train, supervise, counsel, advise or redirect police officers, Police Chief  and others in their employ in order to protect members of the public from being harmed

1   by the police  and other township employees un-necessarily.

2       134.   Said defendants were deliberately indifferent to such duties and thereby proximately

3   caused injury to Plaintiff as complained of herein.

4                              **COUNT 20: NEGLIGENCE (Pa Tort)**

5       135.   Plaintiff repeats and re-alleges and incorporates by reference the allegations in

6   paragraphs above with the same force and effect as if herein set forth.

7       136.   Defendants owed a duty of care to Plaintiff Ms Brown once she became a criminal

8   suspect in their system, albeit an unwarranted and malicious prosecution. Police officers are

9   protectors of members of the public.  Judges are protectors of the laws and the constitution.

10      137.   It is an accepted doctrine that public safety and law enforcement officers owe a duty to

11  the public at large but not to particular individuals unless "***special circumstances" involve***

12  **awareness that a specific risk to persons or property exists.**

13      **138.   By coaching and protecting Ms Brown's STALKER (establishing an unlawful**

14  **special duty and relationship which endorses and encourages criminal activity) and**

15  **encouraging him to take adverse actions against Ms Brown, while at the same time:**

16  •   Filing wrongful, malicious, and retaliatory Criminal Charges against Ms Brown with full
17      knowledge of her medical vulnerabilities—and naming her mentally ill and violent STALKER
18      as her VICITIM!!!!

19  •   Refusing to Remove her stalker's illegal firearms which he had not surrendered to the Sheriff's
20      department per 2 separate PFA orders—and With full knowledge of her STALKER'S history of
21      assault, terroristic threats, patient abuse, domestic violence and documented Mental Illness—
22      and threats against Ms Brown and attempts on her life as well as his attempts on the lives of
23      others!

24  •   Supporting, Sympathizing with and Advising Ms Brown's Stalker on how to subvert the law by
25      mis-using and abusing the law

26  •   Encouraging Ms Brown's STALKER to file a retaliatory PFA civil action against Ms Brown and
27      to intimidate her

28  •   Suborning her STALKER'S perjury by planting and planning false narratives which her
29      STALKER repeated in court

30  •   Encouraging Ms Brown's STALKER (a VA employee) to disclose Ms Brown's confidential
31      patient information, with full knowledge of the illegality of such

32      139.   In December, 2014 Ms Brown's STALKER made additional threats through a 3rd party (Ms

33  Brown's Brother) stating to the effect that *" HE AND CHIEF FRIEL ARE SITTING IN WAIT FOR*

34  *BLANCHE TO MAKE ONE WRONG MOVE SO THAT THEY CAN COME DOWN ON HER AND*

35  *PUT HER AWAY"*

140.   Ms Brown's sociopath STALKER (Chief Friel's Proxy) has returned to Ms Brown's home several times between April 2014 and December 2015 with rifle and scope pointed at Ms Brown's bedroom window because he has been emboldened and given permission by his GOOD FRIEND, CHIEF FRIEL.

**141.   Any prudent or reasonable person could have foreseen the dire consequences of a person in position of power and authority (i.e., Police Chief) encouraging—hence empowering and endorsing the criminal conduct of a documented emotionally disturbed and Mentally Ill career batter with a known history of extreme violence against women, veterans and patients.**   Defendant Friel's negligence/breach of duty is the proximate cause of Plaintiff's ongoing injuries.

**COUNT 21: NEGLIGENCE PER SE under Pennsylvania Torts Laws**

142.   Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs above with the same force and effect as if herein set forth.

143.   Magisterial District Court Judge Grover Koon was negligent in his duties under 207 Pa. Rules of Judicial Conduct and Rules Governing Standards of Conduct of Magisterial District Judges when he denied Plaintiff her right to be heard in a criminal proceedings in which she was the defendant. Moreover, Ms Brown was apparently sentenced without her knowledge and in the absence of a conviction.

144.   Magisterial District Judge Koon also violated 207 Pa Rules--which required him to act with impartiality and in a fair and just manner and with integrity—and to avoid the appearance of impropriety.

145.   By employing deception and coercion to get Ms Brown to sign what he falsely told her was a "No Contact Agreement" and "In her best interest to sign", Judge Koon violated clearly established statutes and rules governing the conduct of court officials and law enforcement— specifically Magisterial District Judges.

146.   And by denying Ms Brown an opportunity to make an informed decision by refusing to hand her the form, but instead covering up the top portion of (what Ms Brown discovered after the charges were withdrawn months later, to be an "Alternative Sentencing") form with his forearms and sleeves of his judge's robe—to conceal the true identity of the document—Judge Koon again violated not only his duty to Ms Brown as a defendant in a criminal proceeding, but also he violated his duties under Pa Code 207

1   147.   Judge Koon's violations of the rules governing the standards of conduct were complicit

2   with Police Chief Friel's malicious prosecution, negligence, state-created danger as well as were

3   complicit with Ms Brown's STALKER'S ongoing harassment and terrorism.

4   **COUNTS 22 & 23: NEGLIGENT SUPERVISION & TRAINING:** under Pennsylvania Torts Laws

5   148.   Plaintiff repeats and re-alleges and incorporates by reference the allegations in

6   paragraphs above with the same force and effect as if herein set forth.

7   149.   Valley Township Manager and Board of Supervisors--as employer of Police Chief Friel

8   and Magisterial District Judge Koon--failed to reasonably control or monitor  actions of their

9   employees.

10   150.   Valley Township Manager and Board of Supervisors--as employer of Police Chief Friel

11   and Magisterial District Judge Koon--failed to reasonably train their employees.

12
13   **COUNT 24 : NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:** under Pa Torts Laws

14   151.   Ms Brown repeats and re-alleges and incorporates by reference the allegations in the

15   paragraphs above with the same force and effect as if herein set forth.

16   152.   Defendants' reckless disregard for the laws, their statutory duty and for Ms

17   Brown's life have caused irreparable emotional injury—re-traumatizing her over and over.

18
19   **COUNT 25 : INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:** Under Pa Torts Laws

20   154.   Ms Brown repeats and re-alleges and incorporates by reference the allegations in the

21   paragraphs above with the same force and effect as if herein set forth.

22   155,   Defendants intentionally and deliberately inflicted emotional distress on Ms Brown by

23   maliciously prosecuting her, or by abusing the lawful process by unlawful purpose, or by violating

24   Plaintiff's constitutional rights, or by falsely issuing a warrant for her arrest, by conspiring against Ms

25   Brown, or by interfering with Ms Brown's civil rights by threats, coercion, or intimidation, or knew or

26   should have known that emotional distress was the likely result of their conduct.

27   156.   Defendants conduct was extreme and outrageous, beyond all possible bounds of

28   decency and utterly intolerable in a civilized society and in a 21st Century American community.

29   Ms Brown is a reasonable and rational person.  One of Chief Friel's associates described Ms Brown to

30   Chief Friel as of the most level-headed people he knows.

31   157.   The emotional distress sustained by Ms Brown is severe and of a nature that no

32   reasonable person could be expected to endure, whether that person is in perfect health or has critical

33   medical issues.

34   158.   As a result of the Defendants' extreme and outrageous conduct, Plaintiff suffered

1   medical injury, loss of reputation, and severe mental anguish.  Plaintiff was, is, and, with a high degree

2   of likelihood, will continue to be emotionally distressed due to the intentional harm from the malicious

3   prosecution and harassment, but moreover from the ongoing TERROR and STALKING campaign that

4   Defendants encouraged and endorsed through their reckless actions.

5       159.   Valley Township Manager and Governing Body/Board of Supervisors is liable under the

6   doctrine of respondeat superior, as the Supervisors were contacted by one of Ms Brown's advocates

7   at the very beginning of Chief Friel's malicious prosecution, retaliation and harassment campaign

8   against Ms Brown and contacted again in late 2014.  But the township administrators did nothing to

9   stop or correct Chief Friel's unlawful and dangerous conduct.

10      160.   As a direct and proximate result of the violation of their constitutional rights by the

11  Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are

12  entitled to relief under 42 U.S.C §1983 and other mechanisms for relief.

13      161.   The DANGER IS CONTINUOUS *(EXIBITS 17a-d).* Defendants' conduct was willful,

14  malicious, oppressive and reckless, and was of such a nature that punitive damages should be

15  imposed in an amount commensurate with the wrongful acts alleged herein.

16
17                                    **PRAYER FOR RELIEF**

18  **162.  WHEREFORE,** Plaintiff

19  A.  Respectfully request that the Court enter judgment in her favor and grant her the following relief:

20      (1) Declaratory judgment that the Defendants' actions are is unlawful, reckless and dangerous

21      (2) Preliminary and PERMANENT injunction enjoining Defendants, **proxies** and all those acting in

22          concert with Defendants, from pursuing any further adverse actions against Plaintiff;

23  B. Demands judgment against all the Defendants jointly and severally, for actual, general, special,

24  compensatory damages in the amount of $ 5,000,000 and further demands judgment against each of

25  said Defendants, jointly and severally, for punitive damages in the amount of $100,000 each, plus the

26  costs of this action, including attorney's fees, and such other relief deemed to be just and equitable

27                                                  Respectfully Submitted

28  April 10, 2016                                 *Blanche Brown*

29                                                  Blanche Brown, Pro Se Plaintiff

EXHIBITS IN

HARD COPY

AS PER CHAMBERS