1
2

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Blanche Brown,                                    )        Civil Action #16-1819
PLAINTIFF                                         )
      **v**                                             )
                                                  )        PLAINTIFF BLANCHE BROWN'S MEMORANDUM IN
Police Chief Joseph Friel; et al                  )        RESPLY TO DEFENDANTS' ANSWER AND AFFIRMATIVE
                                                  )        DEFENSES  and
                                                  )        MOTION FOR SUMMARY or DEFAULT JUDGEMENT
                                                  )        Date:  July 26, 2016
                                                  )        Judge:  Honorable Juan Sanchez

3                                              **I. PREFACE**

4          Plaintiff, Blanche Brown files this Memorandum in REPLY to Defendants' untimely July 22nd

5     "Answer "to and their untruthful memo to the Court relating to Plaintiff's properly and <u>timely served</u>

6     complaint.

7          Plaintiff also moves for Summary Judgment pursuant to Rule 56 (c) or in the alternative, Default

8     Judgment pursuant to Rule 55---In light of Defendants' casual indifference, their negligently untimely

9     "Answer", <u>and for their blatant disrespect for the integrity of and attempt to hijack the judicial process.</u> –

10    AND in light of Plaintiff's well-pled timely complaint and the overwhelming and indisputable evidence

11    against Defendants (particularly their own <u>Charging Documents</u>). This Rule 56(c) and Rule 55 motion

12    comes in consideration of the following:

13         A. Defendants' July 22, blatant substantive misconduct—that is--intentionally misleading,

14            defrauding and improperly influencing the Court, through materially false statements and

15            misleading documents-- for the purpose of subverting the judicial process and wrongly prejudicing

16            the Court's actions against Plaintiff and her complaint.

17         •    A Federal district court possesses the inherent power to deny the court's processes to one

18              who defiles the judicial system by committing a fraud on the court—

19         •    --Such is the case with Defendants' deliberate misconduct in misrepresenting Plaintiff and

20              the facts surrounding ***their own negligence and failure*** to timely answer Plaintiff's

21              complaint and summons.

1  •  Defendants' flagrant misconduct raises valid concerns and questions: What other ruse or

2   series of blatant false statements has or will Defendants submit to the Court in order to

3   mislead and prejudice the Court thereby creating tension between the Court and Plaintiff?

4  •  Should Plaintiff brace herself for a continuation of this unabated and unchecked deceitful

5   conduct by Defendants—for which the Court makes Plaintiff pay the consequences?

6  •  Can Plaintiff reasonably expect to have a fair opportunity for justice if Defendants are

7   permitted to use deception and fraud, with impunity, to prejudice and influence the Court

8   and if the Court jumps to conclusions without allowing Plaintiff an opportunity to counter

9   and correct Defendants' false and prejudicial assertions?

10 B. Rather than ask the court for an extension of time to properly answer Plaintiff's complaint,

11  Defendant instead (as indicated by the times of the docket entries), cobbled together and

12  electronically filed an "Answer" 3 hours after Defendants uploaded their falsified "*Opposition to*

13  Plaintiff's motion for Default Judgment."

14   Throughout their "Answer" Defendants make several assertions of denial, and assertions of

15  "*insufficient knowledge or information*".  Their "Answer" is not supported by fact or evidence, but is

16  countered by Defendants' own CHARGING DOCUMENTS and electronic correspondences –which

17  can be authenticated by metadata if necessary.  (It's possible that Valley Twp Police Dept. may

18  have hacked Plaintiff's email).

19 C.  Nor are Defendants' "Affirmative Defenses" are supported by law or the facts of this case-- as

20  the well-pled complaint and indisputable supporting evidence weigh heavily against Defendants.

21 D.  Defendants failed to answer Plaintiff's complaint, and knowingly ~~lied~~ prevaricated to the Court

22  about process and service of the complaint (**yet they neglected to assert "*improper or failed*

23  *process of service*" as an affirmative defense in their late-coming "Answer").**  This glaring

24  omission in their "Answer" of what is a "keystone" issue, prompts reasonable minds to question

25  Defendants' credibility on many levels.

26

27

## II. PRELIMINARY STATEMENT

On July 22, Defendants knowingly misled the Court and misrepresented Plaintiff through their unabashedly false assertion that Plaintiff had failed to serve them the summons and complaint—although the summons and complaint were hand delivered to Defendants and Defendants had been properly served personally (Chief Friel) and by authorized representative (Township Administration) on **Thursday, June 23, at approximately 09:50 am**. This fact is supported by Plaintiff's "*Proof of Service*" Affidavits (A) 440 (*Appendix A*) and the Process Server's verbal report that Defendants had been expecting him (per phone call alert from Magisterial Court personnel), and Chief Friel introduced himself to the Process Server. The summons complaint was served on Defendants. Plaintiff retained Page 2 (Proof of Service) for her files.

Plaintiff does not know or care about the true reasons why Defendants failed to timely answer her complaint and summons. What Plaintiff DOES HOWEVER KNOW FOR CERTAIN, is **that Defendants' stated reason to the Court (for their own remiss) is NOT the truthful reason for their failure to timely file an Answer.** And their misrepresentation has been prejudicial against Plaintiff.

Defendants then compounded the first lie fabrication by also FALSELY telling the Court that Plaintiff was *required* to file Proof of Service pursuant to Fed R. Civ., P 4((I) :INTERNATIONAL SERVICE OF PROCESS (*APPENDIX B*)-- ---although this provision refers to SERVICE ABROAD, and despite the fact that the *Proof of Service* Form specifically **prohibits filing Proof of Service with the Court (*See Plaintiff's Appendix A: Proof of Service*).**

The above notwithstanding, the *absence* of a "*Proof of Service*" Affidavit on the Docket does not reasonably lead one to conclude that Defendants had not been served with summons and complaint—or that they had not been served in a timely manner. A more reasonable and logical inference is simply that the "Proof of Service Form" had not been added to the docket. (because in this case, Plaintiffs are instructed NOT to file the Proof of Service with the court).

Ms Brown received Defendants' July 22 "Opposition" and separate  "Answer" on Monday, July 25, 2016. She RESPONDED immediately to Defendants' "*Opposition to her Motion for Default Judgment*". Plaintiff mailed that same response to the Court and to the Defendants' counsel on the morning of Tuesday, July 26, 2016. (*mailing receipt is available as proof if needed*).

1    It appears that the Court however, on July 26,-- perhaps hastily-- Denied Plaintiff's motion, based on

2    Defendants' falsified "*Opposition*" memorandum. --BEFORE Plaintiff was given the benefit of the doubt or a

3    fair opportunity to return her TIMELY RESPONSE in which she corrects Defendants' false submissions that

4    they made to the Court for the purpose of deception.

5                                    **III. INTRODUCTION**

6    In response to Plaintiff, Blanche Brown's complaint, Defendants, Police Chief Joseph Friel, Valley

7    Township, et al (collectively, "Defendants") submitted their July 22 untimely Answer in which they: (1) Deny

8    Plaintiff's allegations, (2) Deny that Plaintiff was deprived of any rights; (3) Claim that Defendants are

9    "*Without Knowledge Or Information Sufficient To Form A Belief* "(4) Deny that Plaintiff has asserted a

10   cognizable claim under Federal Law

11   Also in response to Plaintiff's complaint against Chief Friel, Valley Township, et al,,, Defendants, in the

12   absence of supporting evidence, law or case law, asserted seven (7) "affirmative defenses"—

13   **(incidentally, none of which mentions or implies that they had not been properly served with**

14   **Plaintiff's summons and complaint).**

15   These "Affirmative Defenses" are littered with boilerplate defenses, legally deficient defenses, and

16   defenses wholly lacking in factual support.  In particular, Defendants' "Affirmative Defense" based on the

17   Doctrine of  "UNCLEAN HANDS"–does not apply to Plaintiff's complaint.  It appears that defense counsel

18   simply copied and pasted this assertion from an unrelated case. All of the other "Affirmative Defenses fail

19   as there is no factual evidence to support those claims.

20   And to make matters more interesting, Defendants 2nd "Affirmative Defense" is a blanket catch-all

21   statement through which Defendants " *Assert Any And All Defenses Available Under 42 USCA Section*

22   *1983"* in order to cover all of their bases and omissions.

23   Essentially, Defendants seem to be saying they don't have the time or interest to defend this lawsuit

24   and are therefore tasking Plaintiff and the Court (as well as co-defendant Koon) with educating them and

25   making all of the legal arguments.

26

27

1               **IV. FACTUAL BACKGROUND**

2      Plaintiff, Blanche Brown filed a civil action against Officers of Valley Township and the Municipality

3   under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have

4   been deprived of their federal constitutional and/or statutory right under color of state law.

5      In this instant case, Police Chief Friel, of Valley Township violated Plaintiffs substantive rights with the

6   full cooperation and endorsement of his supervisors/employers.

7   **Defendants' CHARGING DOCUMENTS: Set the dangerous machine in motion**

8      Defendants April 2014 Charging Documents (false charges without probable cause) tell a disturbing

9   story of corruption, endangerment, harassment, rights violation, reckless indifference, unequal protection,

10   retaliation, malice, etc (*See Original Filing Docket #1*):

11   **A. Exhibit 6a (2):  Valley Township Police CITATION & SUMMONS #P 9132917-3**

12      •   This Summons and Citation was issued for Plaintiff's 12:38 pm April 18, 2014 email entitled,

13          "*PATIENT ADVOCATE . . . "*, which Plaintiff sent to a Federally employed Registered Nurse (R.

14          Solomon) at her home and workplace (outside of Valley Township Jurisdiction):

15      •   This Summons and Citation falsely name Plaintiff's (and Nurse Solomon's) ABUSER (James A.

16          Brown) as the VICTIM—although the email was NOT sent to James or any other Valley Township

17          resident.

18   B.  **Exhibit 9a:  Email** entitled: "*PATIENT ADVOCATE/ MEDIATED CONFLICT RESOLUTION*"

19      •   This necessary email was sent on Friday, April 18, 2014 at 12:38 pm from Plaintiff and abuse

20          victim, Blanche Brown to nurse R. Solomon, the Federally employed Registered Nurse (and Abuse

21          and Assault victim of Plaintiff's STALKER) who was employed by Plaintiff's Medical Care

22          Provider—and who also recklessly gave her abuser access to Ms Brown through her email

23          account—without Ms Brown's prior consent, and with full knowledge that Ms Brown was trying to

24          get AWAY from their common abuser, James.

25      •   Both Ms Brown AND her Stalker's previous Abuse victim--Registered Nurse, R. Solomon-- RESIDE

26          (and work) OUTSIDE of Valley Township's Jurisdiction.

27      •   Petitioning a Federally Employed Registered Nurse for REDRESS OF GRIEVANCE through the

28          VA system and for Mediation outside of the VA system is a constitutionally protected (First

1   Amendment) right.

2   • Plaintiff's April 18 , 12:38pm email to her STALKER'S previous victim, R. Solomon AND to
3   Plaintiff's Medical Care Provider (VA Medical Center) followed:

4   (1) Chief Friel's April 17 dismissive and threatening response to Plaintiff's request for intervention;

5   (2) Her STALKER'S April 17 third party THREAT and DEMAND that Ms Brown NOT CONTACT
6   THE VA (her Medical Care Provider) or else *there's gonna be trouble!"*

7   (3) Was a follow-up to the original contact--Re: Invitation 2 Government sponsored Conflict
8   Resolution to discuss nurse Solomon's reckless decision to give her abuser access to Ms Brown.

9   **C. Exhibit 9 b: Valley Township Citation Report**, Printed May 24, 2014:

10   • Noting that the Citation # *P913-2917-3* was issued for Ms Brown's 12:38pm April 18, 2014
11   correspondence to nurse Solomon (in West Caln Township and at work in Caln Township)

12   • But Chief Joseph Friel (officer # 38AO1) **falsely reported** the citation was issued at an address in
13   Valley Township (121 Irish Lane), when in fact Plaintiff's email originated 3 townships away ( in
14   West Sadsbury Township) and was sent to Townships north and east of Chief Friel's  Valley
15   Township jurisdiction.

16   • The Valley Township address that Chief Friel listed as the location of the citation, is the address of
17   HIS FRIEND and Proxy (Ms Brown's STALKER and nurse Solomon's batterer)

18   **D. Exhibit 6a(1):  Court Summons for Summary Case Docket # MJ-14105-NT-0000259-2914**
19    **Exhibit 6a (3)  Magisterial District Court Summary Trial Notice with same reference**

20   • The "case" was filed on April 24, 2014 despite LACK OF JURISDICTION (subject matter, venue,
21   personal, geographical) and  despite lack of probable cause

22   • The Summons and Trial Notice referenced Chief Friel's Citation # *P913-2917-3*: issued for
23   Plaintiff's April 18, 2014, 12:38 pm non-criminal (First-Amendment right) email with origin and
24   destination OUTSIDE OF VALLEY TOWNSHIP JURISDICTION.

25   Essentially, Defendant, Valley Township Police Department, PUNISHED and PROSECUTED Plaintiff
26   for contacting Her Medical Care Provider (VA Medical Center) AND for contacting her STALKER'S (Chief
27   Friel's Proxy) PREVIOUS ASSAULT VICTIM.  **Township Supervisors were contacted** on or around April
28   29, 2014 by Plaintiff, Blanche Brown's advocate, but FAILED TO INTERVENE.
29
30
31

1        **V.  ARGUMENTS AND STATUTORY BACKGROUND**

2

3        **DEFENDANTS' UNSUPPORTED ANSWER AND AFFIRMATIVE DEFENSES FAIL LEGAL**
4             **REQUIREMENTS ON VARIOUS GROUNDS AND SHOULD BE DISMISSED**

5

6   **A.  Plaintiff States Several Claims, Under 42 USC 1983 Upon Which Relief Can Be Granted And She**
7   **Elucidated Each Claim In Her Complaint.**

8        42 U.S.C. § 1983, vests federal courts with the power to enjoin a person acting under color of state law

9   from depriving a United States citizen or other person within the nation's jurisdiction of any rights,

10  privileges, or immunities secured by the Constitution and laws of the United States.

11       This injunctive power protects not only rights secured under constitutional and statutory guarantees of

12  equal protection and civil liberty, but also encompasses claims based on purely statutory violations of

13  federal **law.**

14       For example, in *McCardle v Tronettie*, the 3rd Circuit held that a claim of malicious abuse of civil

15  process states a § 1983 claim if it includes all of the common-law tort elements: (1) use of civil process in a

16  grossly negligent manner or without probable cause and for an improper purpose; and (2) termination of

17  the proceedings in favor of the person against whom it was brought.

18       Also, See *Losch v. Borough of Parkesburg*, 736 F.2d 903, 907 (3d Cir. 1984): institution of criminal

19  action to penalize the exercise of one's First Amendment rights is a deprivation cognizable under § 1983.").

20  ("It is clear that the filing of charges without probable cause and for reasons of personal animosity is [alone]

21  actionable under § 1983.").

22

23  **B.  Complaint Is NOT Time Barred By Statutes Of Limitations (or Laches)**

24       There is no federal statute of limitations for § 1983 claims. When federal law is silent on an issue in a

25  federal § 1983 action, 42 U.S.C. § 1988(a) requires the federal court to borrow state law on the issue

26  provided it is consistent with the policies underlying § 1983.956 Therefore . . .

27       The Supreme Court held in *Wilson v. Garcia* 471 U.S. 261 (1985) that each state is required to use its

28  personal injury statutes of limitation in section 1983 claims, (Wilson, 471 U.S. 261 (1985) (all claims

29  brought under section 1983 shall apply state statute of limitation).

1    US Court of appeals stated, "Because § 1983 was created specifically to provide a remedy where a state or

2    municipality violates a plaintiff's federal rights, the 'state prerogative' argument pales:    That is to say,

3    laches cannot bar legal relief under § 1983.

4        •    In this instant case Pennsylvania's 2 year Statute of Limitations for Personal injury is applicable.

5             Plaintiff, Blanche Brown filed her complaint within the proper time period (filed by Court on April

6             14,2016) and it is therefore not barred by statutes of limitations (or laches)

7    In this instant case, Defendant, Valley Township Municipality was put on notice about Police Chief

8    Friel's harassment, unethical conduct and malicious prosecution on or around April 29,2014 when <u>Caln</u>

9    <u>Township resident</u>, John, L left a detailed phone message for Supervisor P. Proctor and requested that she

10   return his call.  She never returned his call.  Township supervisors were again contacted in October & Dec.

11    In the matter before this Court, the doctrine of laches does not attach to Plaintiff, Blanche Brown's

12   complaint and claims against Defendants in their individual capacity or official capacity.

13   **C.  Exhaustion of Administrative Remedies Not Required under §1983**

14   In *Patsy v. Board of Regents*, the Supreme Court held that state administrative remedies need not be

15   exhausted in order to bring suit under § 1983. The Court reasoned that individuals should not have to seek

16   relief from the state and local authorities against whom § 1983 guarantees immediate judicial access.

17   **D.  Notice of Claim Not Required for § 1983 Claim**

18   In *Felder v. Casey*,  the Supreme Court held state notice-of-claim rules  may not be applied to § 1983

19   claims. Because a notice-of-claim rule is not one of those universally recognized rules necessary for fair

20   procedure, like a limitation defense or a survivorship rule, the absence of a

21   federal notice-of-claim rule is not a "deficiency" in the federal law requiring resort to state law under 42

22   U.S.C. § 1988(a). Furthermore, the Court found that state notice-of-claim rules unduly burden and

23   discriminate against civil rights claimants. However, it acknowledged that state notice-of-claim rules may be

24   applied to state law claims that are supplemental to § 1983 claims.

25   **E.  Municipal Liability**

26   In Monell v Dept of Social Services, the Supreme Court stated, *"it. is when execution of a*

27   *government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly*

1   *be said to represent official policy, inflicts the injury that the government as an entity is responsible under §*

2   *1983."*

3        The Supreme Court further stated, "*municipalities cannot have arranged their affairs on an assumption*

4   *that they can violate constitutional rights for an indefinite period; accordingly, municipalities have no*

5   *reliance interest that would support an absolute immunity. Pp. 699-700.*

6   *Monell* holds that local governments may be sued for damages, as well as declaratory and injunctive

7   relief, whenever the action that is alleged to be unconstitutional implements or executes a policy statement,

8   ordinance, regulation, or decision officially adopted and promulgated by that body's officers.   Moreover.. .

9   local governments . . . may be sued for constitutional deprivations visited pursuant to governmental

10   'custom' *even though such a custom has not received formal approval through the body's decision making*

11   *channels.*

12        In *City of Canton v. Harris*, the Supreme Court determined that to establish liability under § 1983,

13   deliberate indifference, objective deliberate indifference suffices. It is a "knew or should have known"

14   standard.  Therefore, if the plaintiff can demonstrate that the failure to have a policy would result in some

15   lower level official violating constitutional rights, the defendant municipality would be held liable.

16        In the 3rd Circuit, *Fagan v. City of Vineland*, 22 F.3d 1283, 1292 (3d. Cir. 1994) the District Court

17   determined that "*A finding of municipal liability does not depend automatically or necessarily on the*

18   *liability of a police officer*"

19        In this instant case at hand, Valley Township Supervisors were apprised of the dire situation shortly

20   after Chief Friel began his harassment, retaliation and malicious prosecution campaign against Plaintiff

21   Blanche Brown.  The fact that the Supervisors did NOT intervene and Chief Friel's misconduct went

22   unabated suggests there was FAILURE TO INSTITUTE a policy that prohibited such conduct (harassing

23   and railroading low income and minority citizens, retaliating against women PFA petitioners).

24   **F. Supervisory Liability**

25        In *City of Canton v. Harris*, the Supreme Court unanimously rejected the City's argument that municipal

26   liability can be imposed only where the challenged policy is itself unconstitutional and concluded that "*there*

27   *are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under §*

28   *1983.*  The Court went on to hold that "*the inadequacy of police training may serve as the basis for § 1983*

1   *liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the*

2   *police come into contact*

3        In 3rd Circuit case, *A.M. v. Luzerne County Juvenile Det. Ctr.,* 372 F.3d 572, 586 (3d Cir. 2004) the

4   Third Circuit outlined two viable theories of supervisory liability under § 1983. Firstly, "*individual defendants*

5   *who are policymakers may be liable under § 1983 if it is shown that such defendants, with deliberate*

6   *indifference to the consequences, established and maintained a policy, practice or custom which directly*

7   *caused [the] constitutional harm.*" Secondly, the court explained that "*a supervisor may be personally liable*

8   *under § 1983 if he or she had knowledge of and acquiesced in his subordinates' violations.*"

9        In this case at hand there seems to be inadequate diversity and ethics training or training on the

10  subject of Domestic Violence and Pa Protection From Abuse Laws as well as Summary Offenses Laws and

11  Constitutional Rights.  Plaintiff, Blanche Brown has provided ample evidence in the record showing that

12  Defendants had responsibility for developing policies and procedures…and the Plaintiff] has presented

13  sufficient evidence to present a jury question on whether the Valley Township Police Bureau and or the

14  Townships policies and procedures or "customs" **placed her in greater danger than she was before**

15  **making contact with Defendants.**

16       In this instant case, **one of Plaintiff's advocates (John L) documented his April 29,  2014 phone**

17  **contacts with Township Supervisors and Police Chief.**  He left a request for a return call along with a

18  detailed message about the dangers and Chief Friel's complicity with Ms Brown's abuser.  However,

19  Township Supervisors failed to return his call.

20  **G.  Defendants are NOT Immune from Liability or Suit**

21       In *Harlow v. Fitzgerald,* the Supreme Court explained that "government officials performing

22  discretionary functions generally are shielded from liability for civil damages insofar as their conduct does

23  not violate clearly established statutory or constitutional rights of which a reasonable person would have

24  known."

25     •   In this instant case, Police Chief Friel, the final authority in the Police Department and who is also

26         responsible for polices, practices, and establishing the "culture" and value system within the Police

27         department, violated Ms Brown's clearly established rights when he acted outside of his authority

28         and ventured <u>outside of the Township's jurisdiction</u>  (personal, territorial) by filing illegitimate

1      criminal charges and prosecuting Ms Brown for exercising her FIRST AMENDMENT right as a

2      Cardiac Patient, to petition the Registered Nurse employed by  the same Federal Medical Care

3      Provider/Medical Center in an altogether different jurisdiction, for redress of Grievance.  See

4      *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 798 (3d Cir. 2000) (holding school district

5      superintendent not entitled to qualified immunity)

6    •  The Domestic violence act (Title 23) raised Plaintiff, Blanche Brown--holder of domestic violence

7      protection order,--o a status above that of a member of the general public, and created a special

8      duty of protection from law enforcement agencies.

9    •  The Valley Twp Police Department (where Plaintiff's Stalker Resides) were put on notice about

10     Plaintiff's membership of a discrete class of persons **subjected to the potential harm brought**

11     **about by the Police Department's actions—brought about  by Chief Friel's** conduct in which

12     he used his authority in a way that created a danger  (encouraging increased violence by stalker

13     and endorsing stalker's violent behavior and constant threats toward Plaintiff) that rendered Ms

14     Brown more vulnerable to danger than had the Chief Friel simply not acted at all.  That is to say,

15     instead of protecting Ms Brown by a known serial batter for whom Chief Friel had records of

16     violence, Defendants instead prosecuted Plaintiff (calling her stalker the victim) for filing complaints

17     about her stalker, for asking for help and protection from the Police.  Defendants acted out of

18     retaliation and just plain mean-spiritedness.

19   **H. Final Authority, Policy Maker**

20   \*\* Chief Friel was hired as the Valley Township's Police Chief in 2005.  He was a 27 year veteran

21  police officer at the time in question (April 24, 2014).   Defendant, Chief Friel exhibited **Willful Misconduct**

22  **and subjective deliberate indifference.  In taking the adverse actions against Plaintiff without just**

23  **cause or lawful reason, Defendant, Chief Friel** had time to deliberate before acting. See *Reedy v.*

24  *Evanson*, 615 F.3d 197, 224 n.37 (3d Cir. 2010)

25    •  It is clear that defendant Chief Friel's conduct, while acting as the final authority for the

26     ValleyTownship Police Department-- violated several of Plaintiff's constitutional rights *Saucier v.*

27     *Katz*, 533 U.S. 194, 201 (2001). Those rights were clearly established not only by Federal law and

1        the Constitution, but were underscored by Pa Laws as well as standard Police department policies

2        and regulations and Oaths of Office.

3        Title 42, U.S.C.,Section 14141 makes it unlawful for state or local law enforcement agencies to allow

4   officers to engage in a practice of conduct that deprives persons of rights protected by the Constitution or

5   U.S. laws.

6   **I.  Damages and Civil Penalties Sought In This Action Are Not Subject To Mitigation**

7        When a person is injured through the negligence of someone else, the injured person often has an

8   obligation to take reasonable steps to minimize the effects and loss related to his or her injuries.

9        In this instant case, Defendants, Friel, Valley Township, et al's "Affirmative Defense" fails miserably.

10  Plaintiff did everything in her power to get away from her stalker, to seek police protection, to halt the police

11  abuse, to obtain trauma therapy and to avoid being shot at.

12        However, the threat of imminent violence became so severe that Plaintiff was forced to cease

13  obtaining medical treatment at the local VA Medical Center or even traveling to Coatesville to board the

14  DAV van to the Philadelphia VA Medical Center—as the threat of ambush or being followed on the highway

15  by her STALKER (a problem and violent VA groundskeeper with a known history of following, stalking and

16  ambushing) always loomed large. Defendants did everything in their power to undermine Plaintiff's efforts.

17                     **VI.  CONCLUSION**

18        For the foregoing reasons, Plaintiff's motion for Summary Judgment as to Defendants' "Affirmative

19  Defenses" and their Fraud against the Court should be Granted.  Or in the alternative, Plaintiff's motion for

20  Default judgment should be Granted in light of Plaintiff's failure to timely "answer" and their fraud against

21  the Court and fabricated excuse for their remiss.  And Defendants' falsified Opposition and "Affirmative

22  Defenses" should be dismissed from this action with prejudice.

23                                  Respectfully Submitted,

25

27                                  *Blanche Brown*

28  DATED: July 27,2016                   Blanche Brown, Plaintiff

Defendant CHARGING DOCUMENT # 1

**COMMONWEALTH OF PENNSYLVANIA**
**NON-TRAFFIC CITATION/ SUMMONS**

CITATION NO.
**P9132917-3**

| 1. Magisterial District Number | 2. Docket Number | 3. Social Security Number |
|---|---|---|
| 15-1-05 | N#259-14 | |

| 4. Address of Magisterial District Office | 5. Driver's Number | 6. State |
|---|---|---|
| 615 Japs Ct. C-Ville Ia 19320 | | PA |

7. Defendant's Name - First: BLANCHE   Middle: A.   Last: BROWN

8. Defendant's Address (Street-City-State-Zip Code): 408 Iron Hill Road A-Glen Ia 19310

| 9. Race/Ethnicity | 10. Sex | 11. Date of Birth (MM/DD/YY) | 12. Resident Status | 13. Case Instituted by |
|---|---|---|---|---|
| (W) ☐ White (A) ☐ Asian / (B) ☑ Black (H) ☐ Hispanic / (I) ☐ Native American (U) ☐ Unknown | ☐ Male ☑ Female | 12-2-59 | (R) ☐ Resident (N) ☐ Non-Resident (U) ☐ Unknown | (O) ☐ On-View Arrest (C) ☐ Citation/Summons |

| 14. JUVENILE | 15. Parents Notified | 16. Parent's Name | 17. Date Notified | 18. Time |
|---|---|---|---|---|
| ☐ Yes | ☐ Yes | | | |

19. Charge:
☐ Disorderly Conduct   ☐ Criminal Trespass   ☐ Theft of Services   ☐ Criminal Mischief
☐ Harassment   ☐ Public Drunkenness   ☐ Scattering Rubbish
☐ Retail Theft   ☐ Purchase, Consumption, Possession, or Transportation of Liquor or Malt or Brewed Beverages
☐ Other

| 20. Nature of Offense | 21. Pa. Code | 22. CRIMES CODE TITLE 18 ☐ |
|---|---|---|
| THE ABOVE DEF. DID EN-GAGE IN A COURSE OF CONDUCT BY EMAILING THE VICTIM CONT-INUALLY WHEN REQUESTED TO STOP HAVING CONTACT WITH SAID VICTIM. | | |

| 23. SECTION | 24. SUB SEC. |
|---|---|
| 2709 | A.3 |

| 25. FINE | 150.00 |
| 26. COSTS | 117.98 |
| 27. J.C.P./A.T.J. /C.J.E.A. | 23.50 |
| 29. ☐ Lab Services Requested | TOTAL DUE $291.48 |

| 30. Date | 31. Time | 32. Day | 33. City-Twp-Boro | 34. Police No. | 35. Zone |
|---|---|---|---|---|---|
| 4-18-14 | 1238 | FRI | VALLEY TOWNSHIP | 38 | NORTH |

| 36. Location | 37. County | 38. County Code |
|---|---|---|
| 121 IRISH LANE | CHESTER | 15 |

39. Defendant's Signature - Acknowledges Receipt of Citation
X MAIL OUT

| 40. Date | 41. |
|---|---|
| 4-18-14 | ☐ Issued ☐ Filed ☐ Filed on Info. received |

42. I verify that the facts set forth in this citation are true to the best of my knowledge, information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 P.C.S. § 4904) relating to unsworn falsification to authorities.

OFFICER'S SIGNATURE (FRIEL)   BADGE NUMBER #1   ORI NUMBER 1A0154400

43. Station Address: 800 W. Lincoln Hy Coatesville Pa 19320

| 44. Offense Code | 45. Property Record No. | 46. Systems Code | 47. | 48. | 49. Incident No. |
|---|---|---|---|---|---|
| | | | ☐ Initial Report | ☐ Attention LCE | 14-04-15-04 |

| 50. Victim's Name | 51. Date of Birth (MM/DD/YY) | 52. Sex | 53. Race/Ethnicity |
|---|---|---|---|
| Maria Bonita | 12-20-58 | A.A | B land |

56. Remarks / Subpoena List

A. BF-54
V BM-59

ARREST # 14-065

BV

**P9132917-3**

| 57. Supv. Init. | Badge No. |
|---|---|
| | |

AOPC 407-95 (Rev. 12/09)   **DEFENDANT'S COPY**

DEFENDANT CHARGING DOCUMENT #2

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF CHESTER



**Summons for Summary Case**
**Non-Traffic**

Commonwealth of Pennsylvania
v.
**Blanche Brown**

| | |
|---|---|
| Mag. Dist. No: | MDJ-15-1-05 |
| MDJ Name: | Honorable Grover E. Koon |
| Address: | Highlands Corporate Center |
| | 615 Sands Court |
| | Coatesville, PA 19320 |
| Telephone: | 610-380-3325 |

Blanche Brown
408 Zion Hill Road
Atglen, PA 19310

Docket No:    MJ-15105-NT-0000259-2014
Case Filed:    4/24/2014

Charge(s)

| | |
|---|---|
| 18 § 2709 §§ A3 (Lead) | Harassment - Course of Conduct W/No Legitimate Purpose |

**FINE AND COSTS:**   Fine: 150.00   Costs/Fees: 141.48   Server Fees:   Restitution:   Total Due: 291.48

WITHIN TEN (10) DAYS OF RECEIPT OF THIS SUMMONS YOU MUST:

1.  PLEAD NOT GUILTY by notifying the magisterial district judge above in writing and forwarding an amount equal to the total due specified above, or if the fine and costs are not specified, forward the sum of $50.00 as collateral for your appearance at trial; OR,

2.  PLEAD NOT GUILTY by appearing before the magisterial district judge above and posting such collateral for your appearance as the magisterial district judge shall require; OR,

3.  If you cannot afford to pay the total due specified above or the $50.00 collateral, you must appear before the magisterial district judge above to enter a plea; OR,

4.  PLEAD GUILTY by notifying the magisterial district judge above in writing, signing the appropriate plea under the MAIL IN PLEA section, and forwarding an amount equal to the total due specified above; OR,

5.  PLEAD GUILTY by appearing before the magisterial district judge above if the total due is not specified, or if you are required to appear because the offense with which you are charged carries a mandatory sentence of imprisonment, for example, a violation of 75 Pa.C.S. Section 1543(b) (Driving while operating privilege is suspended or revoked)

- IF YOU ARE FOUND GUILTY BY THE MAGISTERIAL DISTRICT JUDGE AND WISH TO APPEAL, YOU HAVE THIRTY (30) DAYS TO REQUEST A TRIAL DE NOVO IN THE COURT OF COMMON PLEAS

- ALL CHECKS OR MONEY ORDERS FOR FINE, COSTS, FEES, OR FOR COLLATERAL, SHALL BE MADE PAYABLE TO "MAGISTERIAL DISTRICT NO MDJ-15-1-05" You can make case payments online through Pennsylvania's Unified Judicial System web portal.  Visit the portal at *http://ujsportal.pacourts.us* to make a payment.

- IF YOU FAIL TO RESPOND TO THIS SUMMONS WITHIN THE TIME SPECIFIED ABOVE, A WARRANT FOR YOUR ARREST SHALL BE ISSUED.

IF YOU INTEND TO RESPOND BY MAIL:

Detach and complete the lower portion of this summons with your signature on the appropriate plea line, (1) or (2).

If you PLEAD NOT GUILTY, your check or money order must be in the amount of the total due specified above.  If the total due is not specified, your check or money order must be in the amount of $50.00 which will be held for collateral for your appearance at trial.  You will be notified by mail of your date and time for trial.

If you PLEAD GUILTY, enclose a check or money order in the amount of the total due specified above.  Failure to remit the full amount of the fine, costs, and fees may result in the issuance of a warrant for your arrest.  Your check or money order shall be made payable to "Magisterial District No MDJ-15-1-05".

(DETACH HERE) — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —

**MAIL IN PLEA**

I represent that I make this plea knowingly, voluntarily, and intelligently.  (Failure to indicate a plea when forwarding an amount equal to the total due specified above will result in a guilty plea being recorded.)

Docket No: MJ-15105-NT-0000259-2014    Citation No: P 9132917-3    Defendant: Brown, Blanche

1.   I PLEAD NOT GUILTY    _____

(Signature)

2.   I PLEAD GUILTY    _____

(Signature)

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number.  We are unable to provide transportation.

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF CHESTER

**Summary Trial Notice**



| | |
|---|---|
| Mag. Dist. No: | MDJ-15-1-05 |
| MDJ Name: | Honorable Grover E. Koon |
| Address: | Highlands Corporate Center
615 Sands Court
Coatesville, PA 19320 |
| Telephone: | 610-380-3325 |

Blanche Brown
408 Zion Hill Road
Atglen, PA 19310

Commonwealth of Pennsylvania
v.
Blanche Brown

Docket No:  MJ-15105-NT-0000259-2014
Case Filed:  4/24/2014
Comp/Cit #:  P 9132917-3

| Charge(s) | |
|---|---|
| 18 § 2709 §§ A3 (Lead) | Harassment - Course of Conduct W/No Legitimate Purpose |

A Summary Trial has been scheduled for the above captioned case to be held on/at:

| | |
|---|---|
| Date: **Tuesday, June 3, 2014** | Place: Magisterial District Court 15-1-05, Coatesville
Highlands Corporate Center
615 Sands Court
Coatesville, PA 19320
610-380-3325 |
| Time: **10:00 AM** | |

This court has received your plea of NOT GUILTY to the above summary violation(s). The sum of $0.00 has been accepted as collateral for your appearance at trial.

You have the right to be represented by an attorney. You have the right to have any witnesses present. It is your responsibility to notify your attorney and/or witnesses of this trial date/time.

Failure to appear for your trial shall constitute consent to trial in your absence and if you are found guilty, the collateral deposited shall be forfeited and applied toward the fines and costs. You shall have the right to appeal within 30 days for a trial de novo.

If you have any questions, please call the above office immediately.
Should you fail to appear for your summary trial, a warrant may be issued for your arrest.

May 09, 2014
Date

_Grover E. Koon_
Magisterial District Judge Grover E. Koon

DEFENDANT CHARGING DOCUMENT #3

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation. You can make case payments online through Pennsylvania's Unified Judicial System web portal. Visit the portal at http://ujsportal.pacourts.us to make a payment.

Notice of Withdrawal of Charges

Commonwealth of Pennsylvania
v.
Blanche Brown

Docket No:      MJ-15105-NT-0000259-2014
Case Filed:     4/24/2014
Citation No:    P 9132917-3

E. Koon

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF CHESTER

Mag. Dist. No:   MDJ-15-1-05
MDJ Name:        Honorable Grover E. Koon
Address:         Highlands Corporate Center
                 615 Sands Court
                 Coatesville, PA 19320
Telephone:       610-380-3325

Blanche Brown
408 Zion Hill Road
Atglen, PA 19310

Printed 02/11/2014 13:1...




COMMONWEALTH OF PENNSYLVANIA
COUNTY OF CHESTER

**Notice of Withdrawal of Charges**

Commonwealth of Pennsylvania
v.
Blanche A Brown

| | |
|---|---|
| Mag. Dist. No: | MDJ-15-1-05 |
| MDJ Name: | Honorable Grover E. Koon |
| Address: | Highlands Corporate Center |
| | 615 Sands Court |
| | Coatesville, PA 19320 |
| Telephone: | 610-380-3325 |

Blanche A Brown
400 Zion Hill Rd
Atglen, PA 19310

Docket No:     MJ-15105-NT-0000261-2014
Case Filed:    4/25/2014
Citation No:   P 9132918-4

Charge(s)

18 § 2709 §§ A3 (Lead)     Harassment - Course of Conduct W/No Legitimate Purpose

This is to notify you that pursuant to Rule 457 of the Pennsylvania Rules of Criminal Procedure, this Court has agreed to the withdrawal of the charge(s) in the above caption case. If you have questions regarding this Notice, please contact the Magisterial District Court at the address and telephone number provided above.

DEF Charging Doc #4



AOL Mail – Message View                                                                                          7/28/16 10:04 AM

**Patient Advocate/MEDIATED CONFLICT RESOLUTION OUTSIDE OF VA**

**From:** B Brown <brownablanc@aol.com>
**To:** brownablanc <brownablanc@aol.com>
**Bcc:** richelle.solomon <richelle.solomon@va.gov>; hibernia58 <hibernia58@msn.com>; alfob6 <alfob6@aol.com>
**Date:** Fri, Apr 18, 2014 12:38 pm

Hello again Richelle

I just received a phone call from the CVAMC women's health program coordinator and the Patient Advocate. They're responding to my VETERAN'S CRISIS call and request for intervention.

I explained that I would like to have MEDIATED CONFLICT RESOLUTION with a <u>NAMELESS CVAMC NURSE</u>. **I have NOT disclosed your name or anyone else's.** I'm trying to get them to guarantee me that they will not take disciplinary actions against you or "anyone else".

They cannot guarantee that because the April 8 email constitutes patient abuse <u>on a number of different levels</u>. And given a certain individual's history and acrimonious relationship with management, it would probably lead to termination. GOD KNOWS I DON'T WANT ANYONE TO BE TERMINATED OR SUSPENDED OR HARSHLY DISCIPLINED . But God also knows that I'm not responsible for anyone else's lapse in judgement or mean-spiritedness that gave rise to and escalated this issue.

So, here's my PROPOSAL. I suggest that we find a mediator OUTSIDE OF THE VA SYSTEM. That way no one is put on the spot and no one receives discipline or reprimand and no one loses their job.

Are you willing to enter into mediated Peace Talks with me? I need your answer, YES OR NO.

If you <u>agree</u> to MEDIATED CONFLICT RESOLUTION OUTSIDE OF THE VA SYSTEM, I'll withdraw my complaint from the VA--this will halt any internal investigation and avoid charges of patient abuse--among other things.

I simply want to have sincere and healing peace talks with you. I am a soldier--always. It is not unreasonable for me to expect that you and other VA employees be held accountable, take responsibility for your actions/inactions, admit your mistakes, ask for forgiveness, try to make amends and then move on.

There can be no healing if those who cause the harm deny that there are gaping wounds. An apology--a SINCERE APOLOGY is simply an acknowledgment of wrong doing or a mistake and it is a promise to do better in the future.

I don't expect any level of sincerity from your manipulative partner. But I do expect if from you.

I need an answer, YES OR NO.

First Amendment
Where's the crime?!!
How is Ms Brown and
Nurse Solomon's ABUSER
(James) the victim?!

https://mail.aol.com/webmail-std/en-us/basic#                                                                    Page 1 of 1

Home » Our Services » International Service of Process » Rule 4(l) of the Federal Rules of Civil Procedure

# Rule 4(l) of the Federal Rules of Civil Procedure

## (Proof of Service Abroad)

### Rule 4 – Summons

**(l) Proving Service.**

**(1) Affidavit Required.**

Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

**(2) Service Outside the United States.**

**Service not within any judicial district of the United States must be proved as follows:**

**(A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or**

**(B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.** *[emphasis added]*

**(3) Validity of Service; Amending Proof.**

Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

**Need further advice about whether you have perfected service abroad?  Contact Legal Language Services toll-free in the United States at 1-800-755-5775 for a free consultation with one of our staff attorneys or paralegals.**

Bookmark & Share

Appendix B

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.      16-1819

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*      Valley Twp Police Chief Joseph Friel

was received by me on *(date)*                      .

☑ I personally served the summons on the individual at *(place)*  Valley Twp Police Station

on *(date)*  6/23/2016       ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                      , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                                                  , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                       ; or

☐ I returned the summons unexecuted because                                                  ; or

☐ Other *(specify):*

My fees are $              for travel and $              for services, for a total of $              .

I declare under penalty of perjury that this information is true.

Date:  6-23 2016

Ernest E. Brown
*Server's signature*

ERNEST E. BROWN
*Printed name and title*

54. E. PARKWAY DR. #213
POTTSTOWN, PA 19465
*Server's address*

Additional information regarding attempted service, etc:

Appendix A 1

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.     16-1819

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*     Township Manager/Administrator

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____     ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____     ; or

☐ I returned the summons unexecuted because _____     ; or

☑ Other *(specify)* Personally Delivered Summons at individual's workplace with receptionist

or other designated employee authorized to accept service of process on behalf.

of VALLEY TOWNSHIP, DISTRICT COURT or BUREAU OF POLICE ADMINISTRATORS AND EMPLOYEES

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 6- 23- 2016          *Ernest E Brown*
                          *Server's signature*

                          ERNEST E. BROWN
                          *Printed name and title*

                          54. E. PARKWAY DR. #28
                          POTTSTOWN, PA , 9465
                          *Server's address*

Additional information regarding attempted service, etc:

APPendix A 2

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.    16-1819

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    _Valley Township/Supervisors_

was received by me on *(date)*  __June 23, 2016__ .

☐ I personally served the summons on the individual at *(place)*
_____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☑ Other *(specify)* Personally Delivered Summons at individual's workplace with receptionist

or other designated employee authorized to accept service of process on behalf

of VALLEY TOWNSHIP, DISTRICT COURT or BUREAU OF POLICE ADMINISTRATORS AND EMPLOYEES

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date:  __6-23-2016__            _Ernest E. Brown_
                                       *Server's signature*

                              ERNEST E. BROWN
                                       *Printed name and title*

                              54 E. Brown Parkway. DR #213
                              POTTSTOWN, PA  19465
                                       *Server's address*

Additional information regarding attempted service, etc:

Appendix 4₃

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.      16-1819

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*      District Justice Grover Koon

was received by me on *(date)*   June

    ☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

    ☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ☐ I returned the summons unexecuted because _____ ; or

    ☑ Other *(specify)* Personally Delivered Summons at individual's workplace with receptionist

    or other designated employee authorized to accept service of process on behalf

of VALLEY TOWNSHIP, DISTRICT COURT or BUREAU OF POLICE ADMINISTRATORS AND EMPLOYEES

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: June 23, 2016

                Ernest E Brown
                      *Server's signature*

                Ernest E Brown
                      *Printed name and title*

                54. E. PARKWAY Dr. #213

                POTTSTOWN, PA 19465
                      *Server's address*

Additional information regarding attempted service, etc:

Appendix 4 -4

## CERTIFICATE OF SERVICE

I hereby certify that on this date , July 28, 2016, I caused a true and correct copy of the forgoing Plaintiff's  RESPONSE to Defendants July 22nd ANSWER.


Service has been made upon the following:


James J. Dodd'o and Gregory C. Kunkle

Thomas, Thomas & Hafer LLP

1550 Pond Road

Suite 210

Allentown, PA 18104


Mailed to District Court Thursday July28, 2016

*Blanche Brown*

_____

Blanche Brown, ProSe Plaintiff

# TABLE OF CONTENTS

**I. PREFACE**

**II. PRELIMINARY STATEMENT** ........................................................................... 3

Defendants knowingly misled the Court and misrepresented Plaintiff

**III. INTRODUCTION** ........................................................................... 4

Defendants assert 7 unsupported "Affirmative Defenses"

**IV. FACTUAL BACKGROUND** ........................................................................... 5

Defendants' CHARGING DOCUMENTS: Set the dangerous machine in motion

**V. ARGUMENTS AND STATUTORY BACKGROUND** ........................................................................... 7

DEFENDANTS' UNSUPPORTED ANSWER AND AFFIRMATIVE DEFENSES FAIL
LEGAL REQUIREMENTS ON VARIOUS GROUNDS AND SHOULD BE DISMISSED

A. Plaintiff States Several Claims, Under 42 USC 1983 Upon Which Relief Can Be
Granted And She Elucidated Each Claim In Her Complaint. ........................................... 7

B. Complaint Is NOT Time Barred By Statutes Of Limitations ........................................... 7

C. Exhaustion of Administrative Remedies Not Required under §1983 ........................................... 8

D. Notice of Claim Not Required for § 1983 Claim ........................................... 8

E. Municipal Liability ........................................................................... 8

F. Supervisory Liability ........................................................................... 9

G. Defendants are NOT Immune from Liability or Suit ........................................... 10

H. Final Authority, Policy Maker ........................................................................... 11

I. Damages and Civil Penalties Sought In This Action Are Not Subject To Mitigation ........... 12

**VI. CONCLUSION** ........................................................................... 12