IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLANCHE A. BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-1819 |
| | : | |
| POLICE CHIEF JOSEPH FRIEL | : | |
| *IN HIS INDIVIDUAL AND OFFICIAL* | : | |
| *CAPACITY*, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                                                  **April 10, 2020**

      Pro se Plaintiff Blanche A. Brown alleged Defendants Police Chief Joseph Friel, Judge Grover Koon, Valley Township Police Department, Valley Township Manager/Administrator, and Valley Township and Governing Board/Supervisors improperly charged her with harassment. The Court dismissed Judge Koon from the case, granted summary judgment in favor of the remaining defendants, and denied Brown's cross-motion for summary judgment. Brown now asks the Court to reconsider its decision to grant Defendants' motion for summary judgment, alleging errors of law and fact. She also seeks relief from the order denying her summary judgment motion, alleging fraud, misrepresentation, or misconduct by Defendants. The Court will deny the motion for reconsideration because it did not make any mistakes of law or fact when granting summary judgment. The Court will also deny the motion for relief because Defendants did not fraudulently prevent Brown from litigating her case.

**BACKGROUND**

      In April 2014, Brown and her half-brother each complained to the Valley Township police about harassing communications from the other. The police instructed both Brown and her half-brother to stop communicating with each other. The police then issued two citations to Brown for harassment because they believed she failed to comply with that instruction. Over the next several

months, Brown continued to complain to police that her half-brother was stalking, harassing, and threatening her, and the police continued to respond and investigate her complaints. In September 2014, the two harassment citations against Brown were withdrawn, and she was never punished or fined for these citations.

On April 4, 2016, Brown filed this case alleging the Police Department's response to her complaints and the two harassment citations against her violated her civil rights. Two months later, Brown filed an Amended Complaint alleging twenty-five causes of action, including violations of her constitutional rights under the Fourth, Sixth, and Fourteenth Amendments, violations of 42 U.S.C. § 1983, and common law claims for conspiracy, negligence, and intentional infliction of emotional distress. In January 2017, Brown filed a motion to compel discovery. While that motion was pending, Defendants moved for summary judgment on January 24, 2017. A few weeks later, the Court granted in part Brown's motion to compel. After the Court granted Brown two extensions to respond to Defendants' motion for summary judgment, she filed her response as well as a cross-motion for summary judgment on March 1, 2017. After hearing oral argument on both summary judgment motions, the Court denied Brown's motion and granted Defendants' motion. Brown then filed a motion for reconsideration of the Court's order granting Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 59(e). Brown also filed a motion for relief from the Court's order denying her motion for summary judgment pursuant to Federal Rule of Civil Procedure 60(b).

**DISCUSSION**

The Court will deny both motions. The Court will deny the motion for reconsideration because the Court did not make any errors of law or fact. The Court will also deny the motion for

relief because Brown has not produced clear and convincing evidence of fraud, and she was not prevented from litigating her case. The Court will address each motion in turn.

A motion for reconsideration is meant "to correct manifest errors of law or fact or to present newly discovered evidence." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A party seeking reconsideration under Rule 59(e) must show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (quoting *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (citation and internal quotation marks omitted)). Only the third basis, a need to prevent a clear error of law or fact or prevent manifest injustice, is relevant here.

The Court did not make a mistake of law or fact in granting Defendants' summary judgment motion, nor did the Court's decision on that motion create a manifest injustice. The Court wrote a lengthy memorandum opinion explaining why summary judgment was warranted on all twenty-five of Brown's claims. This memorandum addressed not only Brown's claims as pleaded, but also several alternative possible theories of her case. In making its decision, the Court reviewed evidence submitted by both parties. *See* Mem. 1 n.2, Aug. 26, 2019, ECF No. 143. This included the evidence filed by Brown that was attached to her opposition to Defendants' summary judgment motion. *Id.* The Court also articulated the appropriate legal standard and viewed the evidence in the light most favorable to Brown. *See id.* at 7-8.

Brown attempts to point to several errors in the Court's opinion, but her arguments are meritless. As an initial matter, Brown repeats many arguments the Court already rejected in its

3

memorandum, and the Court will not readdress those arguments here. *See, e.g., Taksir v. Vanguard Grp., Inc.*, 273 F. Supp. 3d 539, 544 (E.D. Pa. 2017) ("[M]otions for . . . reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." (internal citations omitted; alterations in original)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("[M]otions [for reconsideration] are not to be used as an opportunity to relitigate the case"). For example, Brown claims her First Amendment rights were violated but the Court addressed this issue when it denied her motion to amend her complaint to include First Amendment claims. *See* Mem. 28 n.24, Aug. 26, 2019, ECF No. 143. Brown also attempts to reargue whether Defendants had probable cause for her harassment citations, which was also addressed in detail in the Court's memorandum on Defendants' summary judgment motion. *Id.* at 11 n.11.

Brown's motion for reconsideration is also based on several misunderstandings concerning the Court's legal analysis. For example, Brown argues the Pennsylvania Political Subdivision Tort Claims Act (PSTCA) does not apply to her federal law claims, but the Court applied this act to Brown's state tort law claims. *See id.* at 33-34. She also argues that the Court improperly interpreted her *Monell* claims as based on respondeat superior, but the Court denied her *Monell* claims because she failed to present evidence of any constitutional violations. *Id.* at 26-27. The Court merely mentioned respondeat superior to note that this was not a basis for liability. *See id.* at 10 n.10. Brown also argues the Court improperly adopted Defendant's version of the facts rather than deferring to her allegations. However, at the summary judgment stage, the Court must base its decision on evidence, such as documents produced in discovery, deposition testimony, or sworn affidavits. *See* Fed. R. Civ. P. 56(c)(1)(A). The Court cannot merely credit Brown's unsupported assertions when the evidence contradicts those assertions. *See Chambers v. Sch. Dist. of Phila. Bd.*

4

*of Educ.*, 587 F.3d 176, 193 (3d Cir. 2009) ("[A]t summary judgment a non-moving party may not rest on mere allegations.").

Many of Brown's objections to the Court's decision stem from her belief that the summary judgment memorandum was written by a biased magistrate judge. This is incorrect. No magistrate judge was involved in this case. The summary judgment memorandum is the Court's opinion. The Court is also not biased against Brown. The Court granted Defendants' motion because Defendants were entitled to judgment as a matter of law, not because of any bias against Brown or in favor of Defendants. Because the Court did not make any errors in its decision to grant summary judgment, the Court will deny Brown's motion for reconsideration of that decision.[1]

The Court will also deny Brown's motion under Rule 60(b) for relief from the Court's order denying her summary judgment motion. As relevant here, Rule 60(b) allows a court to vacate an order for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).[2] To be entitled to relief under this provision, a party must establish by clear and convincing evidence that: (1) the other party engaged in fraud, misrepresentation, or other misconduct, and (2) this behavior prevented the moving party from fully and fairly presenting her case. *See Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960); *Stridiron v. Stridiron*, 698 F.2d 204, 206-07 (3d Cir. 1983).

---

[1] To the extent that any of Brown's arguments in favor of reconsideration are not addressed above, the Court relies on its reasoning in its memorandum granting summary judgment.

[2] Brown also mentions Rule 60(b)'s catchall provision which allows a court to vacate an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A court can grant relief under this catch-all provision "only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (internal citation and quotations omitted). Aside from her fraud allegations, Brown does not point to any extraordinary circumstances here. The Court will therefore address only Rule 60(b)'s fraud provision and not its catchall provision.

Defendants did not fraudulently prevent Brown from litigating her case here. First, Brown does not present clear and convincing evidence of any fraud or misconduct by Defendants. She argues Defendants' fraudulently refused to send her discovery, but there is no evidence of any willful misconduct on Defendants' part. Defendants began sending Brown discovery on December 2, 2017, several weeks before the discovery deadline. *See* Certificate of Service 1, Dec. 2, 2017, ECF No. 56. While Defendants did send Brown some additional discovery in late January, this discovery consisted of even-numbered pages omitted from a previously produced document. *See* Certificate of Service 1, Jan. 27, 2017, ECF No. 78; Pl's Mot. for Relief App. C., at 3, Sept. 25, 2019, ECF No. 146-4 (cover letter for January 27, 2017, production). There is no reason to believe those pages were intentionally omitted from Defendants' earlier productions; a much more likely explanation is Defendants inadvertently photocopied only one side of a double-sided document.

Brown also argues Defendants fraudulently failed to send her their court filings, but this argument is again undermined by the record. For example, Brown complains Defendants did not mail a response to her motion to compel until January 25, 2017, but this was the deadline the Court imposed for Defendants to respond to that motion. *See* Order 1, Jan. 20, 2017, ECF No. 71. Defendants therefore had not filed their response until that date, so they could not have mailed it to Brown any earlier. Brown also asserts Defendants fraudulently failed to send her their statement of facts in support of their summary judgment motion, but Defendants filed a certificate of service stating they mailed this document. Statement of Material Facts 6, Jan. 24, 2017, ECF No. 74. While Brown may not have received the document, there is no proof that Defendants tried to hide it from her. In fact, the document was publicly available because it was filed on the docket, which is how Brown eventually discovered it. If Defendants intended to conceal this document from Brown, they would not have filed it publicly.

Even if Brown were able to show Defendants willfully withheld documents from her, she was not prevented from litigating her case as a result. Brown states she received Defendants' last document production in late January 2017. She therefore had over a month to incorporate that production into her summary judgment motion, which was filed on March 1, 2017. She also had another eight weeks after filing her motion to prepare for oral argument on the motion, which was held in late April. The only document Brown allegedly did not receive until after she filed her motion for summary judgment was Defendants five-page statement of material facts. However, the information in this document was otherwise available to Brown because it was included in Defendants' memorandum in support of their summary judgment motion and in the exhibits attached to that motion, both of which Brown admits she received. Therefore, Brown had all relevant information, including all discovery, when she filed her motion for summary judgment.

Brown argues she was nonetheless prejudiced by Defendants' discovery delays because her motion for summary judgment was filed late. This argument is incorrect. The Court did not deny Brown's motion because it was untimely. The Court denied Brown's because it was not meritorious. When the Court granted Defendants' motion for summary judgment, it explained why each of Brown's claims failed as a matter of law. Brown was therefore not entitled to summary judgment in her favor regardless of when she filed her motion, and Defendants' alleged discovery delays did not prevent her from litigating her case.

Brown has failed to show clear and convincing evidence that Defendants committed fraud or that she was denied a full opportunity to litigate her case as a result. The Court will thus deny her motion for relief under Rule 60(b)(3).[3]

---

[3] In her motion, Brown also alludes to discovery sanctions and striking documents filed by Defendants. To the extent these allusions constitute a separate request for relief, that relief is denied. As explained above, Brown has not shown Defendants behaved improperly so no relief is

7

**CONCLUSION**

Because there were no mistakes of law or fact in the Court's memorandum granting Defendants summary judgment, the Court will deny Brown's motion for reconsideration pursuant to Rule 59(e). Because Brown did not present evidence of fraud, misrepresentation or other misconduct, and she was not prevented from litigating her case, the Court will deny her motion for relief pursuant to Rule 69(b)(3).

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

warranted. Brown also appears to question the Court's decision on her motion to compel. As she did in that motion, Brown argues that Defendants document productions and responses to her discovery requests were inadequate. The Court will not revisit these issues, which were resolved in the Court's order on Brown's motion to compel.